0456

Tobatha K. WEBBER, Respondent, v. Boyd W. WEBBER, Jr., Appellant.
(330 S. E. (2d) 79)

Court of Appeals

*James W. Shaw,* of *Lawrence & Shaw,* Spartanburg, *for appellant.*

*Roger L. Couch,* of *Henderson, Lister, Couch, Brandt & Ackermann,* Spartanburg, *for respondent.*

Heard March 20, 1985.

Decided April 30, 1985.

SHAW, Judge:

Respondent Tobatha K. Webber brought this action against appellant Boyd W. Webber, Jr., seeking a divorce, alimony, and an equitable allocation of the marital property. The court granted Mrs. Webber, among other things, one-third interests in the marital home and Mr. Webber's electrical shop and convenience store. We affirm in part, reverse in part, and remand.

In appeals from family courts, this court has jurisdiction to make findings of fact in accordance with its own view of the preponderance of the evidence. *See Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773, 775 (1976). Determinations regarding the property rights of divorcing parties are left to the sound discretion of the family court judge, whose conclusion will not be disturbed absent a showing of abuse of discretion. *Rogers v. Rogers,* 280 S. C. 205, 311 S. E. (2d) 743, 744 (Ct. App. 1984).

The parties married in 1977; in 1981 Mrs. Webber left the marital home. The Webbers had no children and lived in a house Mr. Webber bought in 1959. At the time of the marriage Mr. Webber owned an electrical business; during coverture Mrs. Webber helped him build a shop for the business. Soon after the marriage Mr. Webber borrowed funds to build a convenience store and helped with the wiring and plumbing on the building. The stored hired Mrs. Webber as an employee paying her first $4.00 and then $5.00 per hour. The couple used Mr. Webber's recouped investment in the store, together with another loan he secured, to remodel their home.

Under the special equity doctrine, "Where a wife has made a material contribution to the husband's acquisition of property during coverture, she acquires a special equity in the property." *Wilson v. Wilson,* 270 S. C. 216, 241 S. E. (2d) 566, 568 (1978) (quoting 27B C.J.S. *Divorce*

§ 293 (1950) ). Therefore, one spouse acquires a special equity in the property of the other if (1) the property was acquired during coverture, (2) the spouse contributed to the acquisition of the property, and (3) the spouse's contribution was material.

I

The marital home was not acquired during coverture. There is no question Mr. Webber bought the house eighteen years before the marriage. One spouse does not have an equitable interest in property acquired by other spouse prior to the marriage. *Walton v. Walton*, 282 S. C. 165, 318 S. E. (2d) 14, 15 (1984). Therefore, the court abused its discretion in giving Mrs. Webber a special equity in the home.

However, both Mr. and Mrs. Webber made improvements to the home during the marriage. The question is whether Mrs. Webber's contribution to the renovation was material. The testimony shows the remodeling cost approximately $28,000; Mr. Webber secured loans for most of this amount and still owes a bank $12,000. The testimony also shows Mrs. Webber helped make the improvements, but there is no evidence of the extent of her contribution. A spouse has an equitable interest in improvements to property to which he or she contributed, even if the property is nonmarital. *Anderson v. Anderson*, 282 S. C. 163, 318 S. E. (2d) 566, 567 (1984). Therefore, we remand for a determination of the extent of Mrs. Webber's contribution to the renovation.

II

Mr. Webber's electrical shop was built during converture and Mrs. Webber contributed to the construction. Both parties testified Mrs. Webber helped build up the electrical business without compensation by keeping the books and occasionally accompanying her husband when he wired houses. Both parties also testified Mrs. Webber helped paint and wire the new shop. However, there is no evidence of the value of the structure. Therefore, the trial court did not abuse its discretion in awarding Mrs. Webber a one-third interest in the value of the electrical shop facility

because her contribution to its construction was material. Nevertheless, we remand for a determination of the value of the shop.

### III

Mr. Webber's convenience store was started during coverture and Mrs. Webber contributed to the business. The testimony indicates Mr. Webber and his two partners secured the financing for the venture and helped with construction by installing the wiring and plumbing. Mrs. Webber contributed to the business by working as an employee; however, the evidence does not show her contribution was material. She did not contribute funds to start the business. *See Wilson,* 241 S. E. (2d) at 568. *Cf. Poniatowski v. Poniatowski,* 275 S. C. 11, 266 S. E. (2d) 787, 788 (1980) (business "purchased with joint funds"). Nor did she contribute very much uncompensated service to the business. *Cf. Wilson,* 241 S. E. (2d) at 569 (wife worked in husband's business for $25 per week); *Reid v. Reid,* 280 S. C. 367, 312 S. E. (2d) 724, 729 (Ct. App. 1984) (wife worked in husband's business without compensation). Therefore, the court abused its discretion in giving Mrs. Webber a special equity in the business.

In sum, we affirm the allocation to Mrs. Webber of the electrical shop; we reverse the allocation to Mrs. Webber of the marital home and convenience store; and we remand for a determination of (1) the extent of Mrs. Webber's contribution to the improvements to the home, and (2) the value of the electrical shop.

Affirmed in part; reversed in part; and remanded.

SANDERS, C. J., and BELL, J., concur.