JOSEPH C. McINTOSH v. BARBARA D. McINTOSH

No. 8415DC546

(Filed 7 May 1985)

1. **Divorce and Alimony § 30— equitable distribution—requirements for stipulations**

    The trial court erred in an action for divorce and equitable distribution by giving effect to the parties' oral stipulations relating to the distribution of the marital property without inquiring into the parties' understanding of the legal effect of their agreement or the terms of their agreement. Any agreement entered into by parties regarding the distribution of their marital property should be reduced to writing, duly executed and acknowledged; if oral stipulations are not reduced to writing it must affirmatively appear in the record that the trial court made contemporaneous inquiries of the parties at the time the stipulations were entered into, that the court read the terms of the stipulations to the parties, that the parties understood the legal effects of their agreement and the terms of the agreement, and that the parties agreed to abide by those terms of their own free will. G.S. 50-20(d).

2. **Divorce and Alimony § 30— equitable distribution—determined before alimony**

    The trial court in a divorce action erred by hearing the issue of alimony before the issue of equitable distribution. Equitable distribution when properly demanded must be granted upon the divorce decree being entered; if alimony and child support have not been previously awarded, equitable distribution must be made first.

APPEAL by plaintiff from *Washburn, Judge*. Judgment entered 7 October 1983 in District Court, ALAMANCE County. Heard in the Court of Appeals 16 January 1985.

Plaintiff, on 19 October 1982, commenced this action seeking an absolute divorce based on one year's separation. Defendant answered and filed a counterclaim seeking alimony, an equitable distribution of the marital property and counsel fees. The parties were granted an absolute divorce on 12 January 1983. Thereafter, on 5 April 1983, defendant's claim for alimony came on for trial. Before the jury returned a verdict, the parties entered into stipulations before the court, settling the alimony issue and agreeing to an equal distribution of the marital property. Pursuant to the parties' stipulations, the trial court entered an order on 7 October 1983 dividing the marital property. From this order, plaintiff appeals.

*Vernon, Vernon, Wooten, Brown & Andrews, P.A., by T. Randall Sandifer and Wiley P. Wooten, for plaintiff appellant.*

*Bryant, Drew, Crill & Patterson, P.A., by Victor S. Bryant, Jr., for defendant appellee.*

JOHNSON, Judge.

[1]  The threshold issue presented by this appeal is whether the trial court erred in giving legal effect to the parties' oral stipulations relating to the distribution of their marital property. The parties stipulated as follows: (1) that all property owned by them at the time they separated was marital property; (2) that the marital property was to be divided equally; (3) that the marital property was to be valued as of the date of their divorce; and (4) that they would each bear their own expense and costs of the proceedings. The parties were willing to leave the actual division of their property to the court, if necessary.

The parties' stipulations were informally dictated to the court reporter at a hearing to determine the amount of alimony to be awarded, if any. No inquiry was made by the court into the parties' understanding of the legal effect of their agreement or the terms of their agreement. The stipulations were not reduced to writing nor were they acknowledged by the parties as accurately reflecting their agreement. We believe that the failure of the trial court to make such inquiries and/or the parties' failure to reduce the stipulations to writing is inadequate to protect or safeguard the rights of the parties. We find support for this belief in G.S. 50-20(d).

G.S. 50-20(d) states:

Before, during or after marriage the parties may by written agreement, duly executed and acknowledged in accordance with the provisions of G.S. 52-10 and 52-10.1, or by a written agreement valid in the jurisdiction where executed, provide for distribution of the marital property in a manner deemed by the parties to be equitable and the agreement shall be binding on the parties.

We believe this section was enacted to insure against fraud and overreaching on the part of one of the spouses. It has often been stated that, "[t]he relationship between husband and wife is

the most confidential of all relationships, and transactions between them, to be valid, must be fair and reasonable. . . . To be valid, 'a separation agreement must be untainted by fraud, must be in all respects fair, reasonable and just, and must have been entered into without coercion or the exercise of undue influence, and with full knowledge of all the circumstances, conditions, and rights of the contracting parties.' " *Johnson v. Johnson*, 67 N.C. App. 250, 255, 313 S.E. 2d 162, 165 (1984) (quoting *Eubanks v. Eubanks*, 273 N.C. 189, 195-96, 159 S.E. 2d 562, 567 (1968) ). Courts have thrown a cloak of protection about separation agreements and made it their business, when confronted, to see that they are arrived at fairly and equitably. *Id.*

We believe the same scrutiny which is applied to separation agreements must also be applied to stipulations entered into by a husband and a wife regarding the distribution of their marital property. Any agreement entered into by parties regarding the distribution of their marital property should be reduced to writing, duly executed and acknowledged. If, as in the case *sub judice*, oral stipulations are not reduced to writing it must affirmatively appear in the record that the trial court made contemporaneous inquiries of the parties at the time the stipulations were entered into. It should appear that the court read the terms of the stipulations to the parties; that the parties understood the legal effects of their agreement and the terms of the agreement, and agreed to abide by those terms of their own free will.

This procedure is not to discourage parties from entering into stipulations regarding the distribution of their marital property at a hearing for equitable distribution. On the contrary, we follow the trend of the case law in North Carolina that encourages stipulations because they tend to simplify, shorten, or settle litigation as well as save costs to the parties. *Rickert v. Rickert*, 282 N.C. 373, 193 S.E. 2d 79 (1972). This procedure is to insure that each party's rights are protected and to prevent fraud and overreaching on the part of either spouse.

[2]  We also note the trial court's error in hearing the issue of alimony before hearing the issue of equitable distribution. Equitable distribution, when properly demanded, must be granted upon the divorce decree being entered; and if alimony and child support have not been previously awarded, equitable distribution

must be made first. *Capps v. Capps*, 69 N.C. App. 755, 318 S.E. 2d 346 (1984).

The judgment of the trial court is vacated and the case remanded for hearing consistent with this opinion.

Vacated and remanded.

Judges BECTON and MARTIN concur.