ROBERT LEE JOHNSON v. DORIS WILKIE JOHNSON

No. 8426DC781

(Filed 2 July 1985)

**Divorce and Alimony § 30— equitable distribution—recovery for personal injuries —separate property**

A recovery by plaintiff husband after the parties separated for personal injuries sustained during the marriage constituted separate property. G.S. 50-20(b)(1); G.S. 52-4.

Judge ARNOLD concurring in result.

Judge COZORT concurs in the opinion of Judge ARNOLD concurring in result.

APPEAL by defendant from *Sherrill, Judge*. Order entered 13 March 1984 in District Court, MECKLENBURG County. Heard in the Court of Appeals 14 March 1985.

*Wray, Bryant, Cannon & Parker, by John J. Parker, III, for plaintiff appellee.*

*Cannon and Basinger, by Thomas R. Cannon, for defendant appellant.*

PHILLIPS, Judge.

Plaintiff and defendant were divorced in December, 1982 and this appeal is from an order of equitable distribution in which the court found and concluded that a recovery plaintiff obtained for personal injuries that he sustained during the marriage and property that he bought with some of the proceeds are his separate property as the same is defined in G.S. 50-20(b)(2).

Though this is apparently a question of first impression in this state, it was answered long ago by our General Assembly. By enacting former G.S. 52-4 in 1913, it was established beyond dispute that the personal injury recoveries of all married women in this state are their "sole and separate property"; as, of course, the personal injury recoveries of married men had been since time immemorial. These undoubted facts were reestablished by our lawmaking body in 1965 when the present G.S. 52-4 was made applicable to married men and women alike. In pertinent part the statute now reads "such . . . recovery shall be his or her sole and separate property." Though not referred to in the briefs by either party, this statute clearly controls the case, in our opinion, because nothing in the Equitable Distribution Act suggests that the General Assembly intended to render these long recognized, well established concepts inoperative. Since the legislative mandate is so plain we need not seek guidance from other jurisdictions and the many conflicting cases that the parties cite in their briefs will not be discussed; though we certainly think that far the better view, even in the absence of a statute like G.S. 52-4, is that a personal injury settlement or recovery of a married person, along with any property acquired by the recovery funds, is that person's sole and separate property. *See, Amato v. Amato*, 180 N.J. Super. 210, 434 A. 2d 639 (1981); *Bugh v. Bugh*, 120 Ariz. 190, 608 P. 2d 329 (1980); *Broussard v. Broussard*, 340 So. 2d 1309

(1977); *Graham v. Franco*, 488 S.W. 2d 390 (Texas, 1972); and *Soto v. Vandeventer*, 56 N.M. 483, 245 P. 2d 826 (1952).

The obvious purpose of the Equitable Distribution Act is to require married persons to share their maritally acquired property with each other—it is not to require either party to contribute his or her bodily health and powers to the assets for distribution—and the funds that the appellant claims to have a right to share in were paid to the appellee for injuries suffered by his body, which, of course, he had before the marriage.

Affirmed.

Judges ARNOLD and COZORT concur in the result.

Judge ARNOLD concurring in the result.

I concur in the result reached in Judge Phillips' opinion, however, I do not agree with the reasoning set forth therein. G.S. 50-20(b)(1) in pertinent part provides:

(b) For purposes of this section:

    (1) "Marital property" means all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties. . . .

The record reveals that the parties separated in August 1981 and that the personal injury recovery, at issue in this action, was not received by the plaintiff until sometime during 1982. Thus, the recovery was not "marital property" within the meaning of the statute. For that reason I vote to affirm the trial court's judgment.

Although it is not necessary that we decide the question in this case, I do not believe that G.S. 52-4 is controlling on this issue. G.S. 52-4 states: "The earnings of a married person by virtue of any contract for his or her personal services and any damages for personal injury or other tort sustained by either . . . shall be his or her sole and separate property." G.S. 50-20 and 21, The Equitable Distribution Act, classifies as marital property, for the purpose of equitable distribution, all real and personal prop-

erty acquired by the spouse during the marriage unless such property is exempted by G.S. 50-20(b)(2). Personal injury recoveries are not among the enumerated exemptions set forth in G.S. 50-20(b)(2). The statutes, thus, appear to be in conflict. When two acts of the legislature deal with the same subject, the provisions are to be reconciled if this can be done by fair and reasonable interpretation, but if they are necessarily repugnant, the last one enacted shall prevail. *Highway Commission v. Hemphill*, 269 N.C. 535, 153 S.E. 2d 22 (1967); *Nytco Leasing v. Southeast Motels*, 40 N.C. App. 120, 252 S.E. 2d 826 (1979). G.S. 52-4 was enacted in 1913 and G.S. 50-20 was enacted in 1981. Thus, the language of G.S. 50-20 should prevail in deciding this question.

Judge COZORT concurs in the opinion of Judge ARNOLD concurring in the result.