22518

Donna J. ABERNATHY, Respondent v. Thomas C. ABERNATHY, Jr., Appellant.

(342 S. E. (2d) 595)

Supreme Court

*Charles J. Hodge,* of the *Law Offices of Charles J. Hodge, P.A.,* Spartanburg, *for appellant.*

*C. Tyrone Courtney,* Spartanburg, *for respondent.*

Heard Feb. 26, 1986.

Decided March 31, 1986.

GREGORY, Justice:

Respondent Donna J. Abernathy commenced this divorce action against appellant Thomas C. Abernathy. The Family Court granted the divorce, and awarded respondent custody of the parties' minor children, as well as determining child support and equitable distribution. This appeal followed. We reverse the equitable distribution award, and affirm the remainder of the order.

The Family Court's equitable distribution award was for Two Thousand ($2,000.00) Dollars of Six Thousand ($6,000.00) in improvements made to the marital home which was owned by appellant's parents. In short, although neither party had title to the house, the trial judge ruled that the improvements were marital property. We disagree.

This Court has held that improvements to non-marital

property may be subject to equitable distribution. *See Anderson v. Anderson,* 282 S. C. 163, 318 S. E. (2d) 566 (1984); *See also Webber v. Webber,* 285 S. C. 425, 330 S. E. (2d) 79 (S. C. App. 1985). However, in *Anderson* and *Webber,* one of the parties did have title to the properties involved, although they were classified as non-marital for other reasons.

To the contrary, in the instant case, neither party owns the marital home. Title is in appellant's parents. It is clear that the doctrine of equitable distribution was never intended to extend to property owned by third parties. *See* S. C. Code Ann. § 20-7-420(2) (1976).

Therefore, the Two Thousand ($2,000.00) Dollar equitable distribution award is vacated. Appellant's remaining exceptions are without merit, and are affirmed pursuant to Supreme Court Rule 23.

Affirmed in part; reversed in part.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.