GARY G. DUNLAP v. LINDA R. DUNLAP

No. 8628DC476

(Filed 21 April 1987)

**Divorce and Alimony § 30— marital property—settlement awards for personal injury**

The trial court erred in an equitable distribution action by concluding that a monetary settlement received by plaintiff for injuries sustained during the course of his employment and a personal injury settlement defendant received as a result of an injury she sustained at Brendle's Department Store constituted marital property. The parties stipulated that both settlement awards did not include any compensation for lost wages and medical expenses and on remand the trial court should determine whether the settlement awards were compensation for pain and suffering, disability, disfigurement, loss of limbs, lost earning capacity, loss of services, or loss of consortium in accordance with the burdens of proof established in *Johnson v. Johnson*, 317 N.C. 437.

APPEAL by plaintiff from *Roda, Judge.* Judgment entered 4 March 1986 in District Court, BUNCOMBE County. Heard in the Court of Appeals 28 October 1986.

*Gray, Kimel & Connolly by Joseph A. Connolly for plaintiff appellant.*

*John E. Shackelford for defendant appellee.*

COZORT, Judge.

This is an equitable distribution action. Plaintiff appeals contending that the trial court erred in concluding (1) that the monetary settlement he received for injuries he sustained during the course of his employment with Southern Railway is marital property, and (2) that the personal injury settlement defendant received as a result of an injury she sustained at Brendle's Department Store is marital property. Finding the reasoning of *Johnson v. Johnson*, 317 N.C. 437, 346 S.E. 2d 430 (1986) applicable to this case, we vacate and remand.

In this equitable distribution action the parties stipulated to the following facts with respect to the settlements they received for their injuries:

1. That the Plaintiff, Gary G. Dunlap, has been employed by Southern Railway for a number of years.

2. That during the course of his employment he received an injury to his right knee.

3. That the Plaintiff, Gary G. Dunlap, received the sum of Twenty Thousand Seven Hundred Fifty Four Dollars and 83/100 ($20,754.83) as a result of injuries Plaintiff suffered to his right knee.

4. That said sum of $20,754.83 did not include any compensation for medical expenses and did not include any compensation for loss [*sic*] time from work.

5. That said sum of $20,754.83 has accumulated interest in the amount of $1,909.66. Said interest having been accumulated since the Plaintiff received the net sum of $20,754.83 as a result of injury to his knee.

6. That the Defendant, Linda R. Dunlap, received the sum of $2,282.00 as a result of an injury that she sustained at Brendle's Department Store.

7. That said sum of $2,282.00 represents a net amount to the Defendant and did not include any payments for loss [*sic*] time from work or past medical expenses.

8. That the net amount received by the Plaintiff, Gary G. Dunlap, of $20,754.83 plus the interest of $1,909.66 which accrued on said amount and the net amount of $2,282.00 received by the Defendant, Linda R. Dunlap, were received by the respective husband and wife prior to the separation of the parties hereto.

Based on these stipulated facts the trial court concluded that "the funds received by the Plaintiff for the injuries that he suffered to his right knee and the sums received by the Defendant for injuries she sustained are marital property and that an equal distribution of said property would be equitable." Plaintiff contends this conclusion is in error and that the proceeds from the settlements are separate property.

*Johnson v. Johnson*, 317 N.C. 437, 346 S.E. 2d 430 (1986), was decided after the judgment was entered and the appeal was taken in this case. In *Johnson* the issue was "whether proceeds representing a settlement recovered by a spouse upon a claim for his or her personal injuries sustained during the marriage of the parties constitute marital property subject to distribution upon dissolution of the marriage or whether they are the separate property of the injured spouse." 317 N.C. at 439, 346 S.E. 2d at 431. In *Johnson* our Supreme Court reversed the decision of a panel of the Court of Appeals which had held that a married person's personal injury settlement or recovery is his "sole and separate property," *Johnson v. Johnson*, 75 N.C. App. 659, 660, 331 S.E. 2d 211, 212 (1985), and adopted an "analytic approach" in determining whether a spouse's personal injury settlement is marital or separate property. The analytic approach focuses on what the award was intended to replace. The Supreme Court explained that

> [g]enerally, under the analytic approach the personal injury award may be seen as composed of three potential elements of damages: (1) those compensating the injured spouse for pain and suffering, disability, disfigurement, or lost limbs; (2) those compensating for lost wages, lost earning capacity, and medical and hospital expenses; and (3) those compensating

the non-injured spouse for loss of services or loss of consortium. . . .

. . . Those courts which employ the analytic approach consistently hold that the portion of an award representing compensation for non-economic loss—i.e., personal suffering and disability—is the separate property of the injured spouse; the portion of an award representing compensation for economic loss—i.e., lost wages, loss of earning capacity during the marriage, and medical and hospital expenses paid out of marital funds—is marital property.

*Johnson v. Johnson*, 317 N.C. at 447-48, 346 S.E. 2d at 436.

In adopting the analytic approach the Supreme Court held that the injured spouse

[has] the burden of showing what amount or proportion of the whole [award] represents compensation for loss of, or injury to, his "separate property," to wit, compensation for his pain and suffering, disfigurement, loss of earning capacity subsequent to separation, lost wages subsequent to separation, hospital and medical expenses incurred subsequent to separation. [The injured spouse] may satisfy that burden by a preponderance of the evidence. Should the [non-injured spouse] claim that any portion of the "net settlement" represents compensation for loss of, or injury to, *her* separate property, she may attempt to so prove by a preponderance of the evidence, if the pleadings are found to allege such a claim.

*Id.* at 454, 346 S.E. 2d at 439-40. The Supreme Court further held that

[b]ecause each element of recovery comprising [a personal injury settlement] must necessarily compensate for loss of, or injury to, the injured spouse's separate property, *or* the non-injured spouse's separate property, *or* the marital property of the spouses, any portion of the [personal injury settlement] not proved by a preponderance of the evidence to compensate for loss to a spouse's separate property must, necessarily, fall into the category of "marital property." Therefore, *to the extent* that the parties fail to prove that the [personal injury settlement] compensates for injury to

---

**Dunlap v. Dunlap**

---

separate property and is therefore properly classified as separate property in the amounts proved, the proceeds of the [injured spouse's] personal injury [settlement] shall be classified as marital property [footnote omitted] and subject to distribution according to N.C.G.S. § 50-20. [Footnote omitted.]

*Id.* at 454, 346 S.E. 2d at 440.

In so holding the court overruled, in a footnote, *Loeb v. Loeb*, 72 N.C. App. 205, 209, 324 S.E. 2d 33, 38, *cert. denied*, 313 N.C. 508, 329 S.E. 2d 393 (1985), and *McLeod v. McLeod*, 74 N.C. App. 144, 157, 327 S.E. 2d 910, 918, *cert. denied*, 314 N.C. 331, 333 S.E. 2d 488 (1985), to the extent those cases held that the Equitable Distribution Act "creates a *presumption* that all property acquired by the parties during the course of the marriage is 'marital property.'" *Johnson v. Johnson*, 317 N.C. at 454 n. 4, 346 S.E. 2d at 440 n. 4. In overruling *Loeb v. Loeb* and *McLeod v. McLeod*, the court stated that:

Several equitable distribution states have provided by statute a presumption that property acquired during the marriage is marital property. [Citations omitted.] The North Carolina General Assembly, unlike legislatures in those states, did not choose to provide such a presumption by statute, and this Court will not infer one by judicial decision. We believe that the legislature's decision not to provide by statute for a marital property presumption was deliberate. Moreover, we perceive no need for such a presumption, express or implied, in our equitable distribution scheme. Under our statutory scheme, without the aid of any presumption, assets, the classification of which is disputed, must simply be labeled for equitable distribution purposes *either* as "marital" *or* "separate," depending upon the proof presented to the trial court of the nature of those assets.

*Id.*

We find the Supreme Court's reasoning in *Johnson v. Johnson* applicable to the settlements at issue in this case. Therefore, we vacate and remand this case for proceedings consistent with the opinions expressed herein.

The parties have stipulated that both settlement awards do not include any compensation for lost wages and medical ex-

penses. On remand, the trial court should determine, based upon the evidence presented by the parties in accordance with the burdens of proof established in *Johnson v. Johnson*, whether (1) the settlement awards are compensation for pain and suffering, disability, disfigurement, loss of limbs of the injured spouse; (2) lost earning capacity; and, (3) if the pleadings are amended to allege such a claim, whether the settlement awards compensate the non-injured spouse for loss of services or loss of consortium. If the parties fail to prove that the settlement awards are compensation for injury to their separate property, then the proceeds of the settlement shall be classified as marital property in the amounts not proved to be separate property. *Johnson v. Johnson*, 317 N.C. at 454, 346 S.E. 2d at 440.

Vacated and remanded.

Chief Judge HEDRICK and Judge MARTIN concur.