CEOLA LOCKLEAR v. HERMAN LOCKLEAR

No. 8816DC295

(Filed 20 December 1988)

1. **Divorce and Alimony § 30— equitable distribution—valuation of closely-held corporation**

    The trial court erred in an equitable distribution order in its valuation of defendant's closely-held corporation, Lumbee Trucking, by failing to place a value on the corporation's goodwill and failing to find a value for the numerous pieces of equipment for the operation of the trucking concern. A mere recitation of the factors the trial court considered in its valuation of the corporation is not sufficient; the court must also indicate the value it attaches to each of the enumerated factors.

2. **Divorce and Alimony § 30— equitable distribution—marital property—stipulation**

    The trial court erred in an equitable distribution order in its classification of a 3.9 acre parcel of land as marital property where plaintiff's testimony indicated that the land was a gift to defendant from his mother, plaintiff claims that the parties stipulated that the land was marital property, and there was no evidence in the record of a stipulation or of the required inquiries by the court where the stipulation is not reduced to writing.

3. **Divorce and Alimony § 30— equitable distribution—home improvements—fire insurance proceeds—marital property**

    The trial court did not err in an equitable distribution order by classifying home improvements, and thus certain fire insurance proceeds, as marital property where the parties expended marital funds in making the improvements, consequently depleting the marital estate.

4. **Divorce and Alimony § 30— equitable distribution—uneven division of property—insufficient findings and conclusions**

    The trial court's findings of fact and conclusions of law in an equitable distribution order did not support an unequal division of the marital property where the order explicitly stated that the court considered only one factor in determining how the marital assets should be divided. When a party presents

---

**Locklear v. Locklear**

---

evidence which would allow the trial court to determine that an equal distribution of the marital assets would be inequitable, the trial court must then consider all of the distributional factors listed in N.C.G.S. § 50-20(c).

APPEAL by defendant from *Gardner (John S.), Judge*. Judgment entered 19 August 1987 in District Court, ROBESON County. Heard in the Court of Appeals 3 October 1988.

Plaintiff Ceola Locklear and defendant Herman Locklear were married on 28 December 1958, separated on 2 January 1984 and were divorced on 19 August 1986 based on more than one year's separation.

Throughout the marriage the parties lived in a house owned by defendant's parents. The parties made substantial improvements to the house while they lived there. The parties separated and less than three months later a fire totally destroyed the house. Two insurance policies provided coverage on the house and its contents. The trial court ruled that plaintiff has an equitable interest in the insurance proceeds.

Additionally, defendant is the sole shareholder of a closely held corporation, Lumbee Trucking Company. The company's largest client is Campbell Soup Company. At trial defendant indicated that Campbell Soup's account constitutes approximately ninety-five percent of the corporation's business. Over defendant's objection the court valued the corporation at $237,390. The trial court's equitable distribution order awarded an unequal distribution of marital property. Defendant appeals.

*Fred L. Musselwhite for plaintiff-appellee.*

*Douglas R. Gill; Diehl & Gibson, by Phillip Diehl, for defendant-appellant.*

EAGLES, Judge.

Defendant presents four assignments of error. Defendant argues that the trial court erred in classifying certain property as marital property, that the trial court erred in valuing a closely held corporation, and that the trial court's findings of fact and conclusions of law are not adequate to support its unequal distribution of marital property. We hold that the trial court's order is erroneous and, accordingly, we vacate and remand.

[1]  Defendant first assigns as error the trial court's valuation of Lumbee Trucking. Primarily, he argues that the court's findings of fact were too vague and conclusory to permit appellate review. We agree.

As this Court observed in *Poore v. Poore*, 75 N.C. App. 414, 331 S.E. 2d 266, *disc. rev. denied*, 314 N.C. 543, 335 S.E. 2d 316 (1985), there are many different ways to value an interest in an ongoing business. Generally so long as the trial court "reasonably approximated the net value" of the business interest, we will not disturb the trial court's judgment. *Id.* at 419, 331 S.E. 2d at 270. However, it is imperative that the trial court "make specific findings regarding the value of a spouse's professional practice and the existence and value of its goodwill, and should clearly indicate the evidence on which its valuations are based, preferably noting the valuation method or methods on which it relied." *Id.* at 422, 331 S.E. 2d at 272. *Poore* involved a professional partnership but this reasoning is also applicable to the valuation of closely held corporations. *Patton v. Patton*, 318 N.C. 404, 348 S.E. 2d 593 (1986).

In determining the value of Lumbee Trucking the trial court stated that it

> took into consideration the value that each party placed on the corporation and excluded the 3.9 acre parcel of land and the metal building in that said property is in the joint names of the parties and is not a corporate asset, deducted corporate debts to Smith International, Liberty Manufacturing, Southern National Bank and Bill Farring, Attorney as corporate debts instead of marital debts and added back in the various marital debts paid by Lumbee Trucking Company as hereinafter set out; took into consideration the corporate assets including numerous pieces of equipment for the operation of the trucking concern, the years that the corporation has been trucking for Campbell Soup and the substantial income of said corporation.

Defendant's testimony demonstrated how important the Campbell Soup Company contract was to the financial well-being of Lumbee Trucking. This particular contract and the type of business relationship Lumbee Trucking and defendant had with Campbell Soup is the essence of corporate goodwill. The trial

court properly recognized its existence, but failed to place a value on the corporation's goodwill. This was error. *Poore, supra; see also Weaver v. Weaver,* 72 N.C. App. 409, 324 S.E. 2d 915 (1985).

Further, the trial court did not find a value for the "numerous pieces of equipment for the operation of the trucking concern." A mere recitation of the factors the trial court considered in its valuation of the corporation is not sufficient; the trial court must also indicate the value it attaches to each of the enumerated factors. *Patton* at 407, 348 S.E. 2d at 595.

[2] Defendant next assigns as error the trial court's classification of a 3.9 acre parcel of land as marital property. Defendant claims that this property was a gift to him from his mother and is, therefore, separate property under G.S. 50-20(b)(2). Plaintiff claims that the parties stipulated that the land was marital property. In the record before us we find no evidence of a stipulation.

In *McIntosh v. McIntosh,* 74 N.C. App. 554, 556, 328 S.E. 2d 600, 602 (1985), we noted that agreements between the parties "should be reduced to writing, duly executed and acknowledged." We further stated that where the stipulations were not reduced to writing, the record must affirmatively demonstrate that the trial court read the stipulation's terms to the parties and that they understood the effects of the agreement. *Id.* No evidence of the required inquiries appears in this record. On the other hand, plaintiff's own testimony indicated that the land was a gift to her husband from his mother. Accordingly, we hold that the trial court's classification of the 3.9 acres as marital property, on this record, was error.

[3] Defendant's third assignment of error questions the classification of certain insurance proceeds as marital property. The question presented here is whether the parties have a marital property interest in the premises owned by defendant's parents arising from the improvements in the property accomplished by the parties during their marriage. We hold that they do.

The uncontradicted evidence shows that sometime in 1959 the parties moved into a house owned by defendant's parents. The parties did not sign a lease nor did they pay rent. With the acquiescence of defendant's parents the parties made substantial

improvements to the house including a swimming pool, a carport, and a significant increase in the size of the house. In fact, the size of the house was more than tripled in living space. All of the improvements occurred prior to the parties' separation and were funded with marital funds. Defendant performed much of the work himself.

Two homeowners' insurance policies covered the house and the improvements. One policy was with Quincy Mutual Fire Insurance Company and the other was with the North Carolina Farm Bureau Mutual Insurance Company. The Quincy policy paid their share of the proceeds to Herman Locklear and his mother; Addie Mae Locklear, while Farm Bureau paid their share of the proceeds to Herman and Ceola Locklear. On 21 March 1984 a fire completely destroyed the house.

Immediately after the fire the two insurance companies negotiated a settlement with defendant as to the total damages suffered as a result of the fire. The settlement established that the value of the household contents was $32,849.64. Further, the insurance companies paid defendant an additional living expense of $2,250.09 and paid $75,000 for loss of the house. The evidence shows that the two companies split the loss pro rata according to their policy limits. Defendant received a check from Quincy in the amount of $60,455.34 in favor of defendant Herman Locklear and Addie Mae Locklear, his mother, representing fifty-five percent of the total claim less a hundred dollar deductible. Farm Bureau issued a check to Herman and Ceola Locklear, the parties here, for $49,545.29 representing the remaining forty-five percent of the claim.

The trial court found that the proceeds for the additional living expenses were defendant's separate property. The court also found that the personal property in the house was marital property valued at $32,849.64. The court placed the value of the house at the time of separation at $75,000.00. Finally, the court stated "[t]hat plaintiff has an equitable interest in the insurance proceeds from the house and the Court finds the parties' interest in said house to be $50,000.00, together with $7900.00 for the pool, for a total of $57,900.00 and plaintiff is entitled an [sic] her equitable interest in the sum of $28,950.00."

Defendant argues that since Addie Mae Locklear was the owner of the house the insurance proceeds belong solely to her and cannot be classified as marital property. We disagree.

While our research reveals no North Carolina equitable distribution case dealing with active appreciation of non-owned real property, we find the Supreme Court's opinion in *Johnson v. Johnson*, 317 N.C. 437, 346 S.E. 2d 430 (1986), instructive. The court addressed the problem of distributing proceeds representing a settlement for personal injuries sustained by the husband in an accident which occurred before the parties' separation. The proceeds were received by the husband after the parties separated. The court distinguished between compensation for economic loss to the marital unit—lost wages, medical and hospital expenses—and compensation for non-economic loss—personal suffering and disability. *Id.* at 448, 346 S.E. 2d at 436; *see also Dunlap v. Dunlap*, 85 N.C. App. 324, 354 S.E. 2d 734 (1987). The court further prescribed that "[o]nly after determining the nature of the asset received by one spouse *after separation*, yet claimed by the other to be 'marital property,' may a classification be made of that asset as between 'marital' or 'separate' property." (Emphasis in original.) *Johnson* at 452, 346 S.E. 2d at 439. We adopt this approach in reviewing the instant case.

Here the trial court found that the insurance proceeds represented four separate and distinct items: additional living expenses, personal property in the home, the house, and the improvements on the house. Defendant excepts only to the trial court's classification of the home improvements as marital property.

We note that the parties expended marital funds in making the home improvements. Consequently, each time the parties improved the property the marital estate was depleted. As in *Johnson* the insurance proceeds here represent an economic loss to the marital estate—the value of the improvements made to the marital residence.

The Equitable Distribution Act requires that each partner in a marriage receive their fair share of the property acquired during the marriage. *See White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985). Furthermore, this court stated in *Wade v. Wade*, 72 N.C. App. 372, 379, 325 S.E. 2d 260, 267, *disc. rev. den.*, 313 N.C.

612, 330 S.E. 2d 616 (1985), that "G.S. 50-20 is a remedial statute enacted to ensure a fairer distribution of marital assets than under common law rules" and is to be construed broadly. Since the marriage partnership spent great sums of time and money, at the expense of building their own estate, in making the improvements, we view the improvements as an asset acquired by the parties during the marriage. Accordingly, as between these parties, plaintiff is entitled to her equitable share of that asset. *But see Abernathy v. Abernathy*, 288 S.C. 322, 342 S.E. 2d 595 (1986) (equitable distribution not intended to include marital improvements of non-owned home). We overrule this assignment of error.

[4] In defendant's final assignment of error he argues that the trial court's findings of fact and conclusions of law do not support the trial court's order providing for an unequal division of the marital property. We agree.

Our Supreme Court observed in *Armstrong v. Armstrong*, 322 N.C. 396, 368 S.E. 2d 595 (1988), that:

> In *White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985), this Court concluded that an equal division of marital property is mandatory unless the trial court determines that an equal division would be inequitable. *Id.* at 776, 324 S.E. 2d at 832-33. The party seeking an unequal division bears the burden of showing, by a preponderance of evidence, that an equal division would not be equitable. *Id.* at 776, 324 S.E. 2d at 832. "Therefore, if no evidence is admitted tending to show that an equal division would be inequitable, the trial court *must* divide the marital property equally." *Id.* at 776, 324 S.E. 2d at 832-33. When, however, evidence is presented from which a reasonable finder of fact could determine that an equal division would be inequitable, the trial court is required to consider the factors set forth in N.C.G.S. [section] 50-20(c), "but guided always by the public policy expressed . . . [in the Act] favoring an equal division." *Id.* at 777, 324 S.E. 2d at 833. The trial court then must make findings and conclusions which support its division of marital property.

*Armstrong* at 404, 368 S.E. 2d at 599.

From *Armstrong*, we conclude that when a party presents evidence which would allow the trial court to determine that an

equal distribution of the marital assets would be inequitable, the trial court must then consider all of the distributional factors listed in G.S. 50-20(c), *Smith v. Smith,* 314 N.C. 80, 331 S.E. 2d 682 (1985), and must make sufficient findings as to each statutory factor on which evidence was offered. *Armstrong* at 405, 368 S.E. 2d at 600. Here the trial court's order explicitly states that it considered only one factor in determining how the marital assets should be divided. Because the trial court must consider every statutory factor, this was error.

For the foregoing reasons we vacate the trial court's order of equitable distribution and remand for further proceedings consistent with this opinion.

Vacated and remanded.

Judges PHILLIPS and PARKER concur.