AYCOCK v. AYCOCK

[113 N.C. App. 834 (1994)]

ROBERT D. AYCOCK, SR., PLAINTIFF v. SARAH B. AYCOCK (NOW SCOTT), DEFENDANT

No. 9326DC369

(Filed 1 March 1994)

**Divorce and Separation § 164 (NCI4th)— equitable distribution— stipulation to equal distribution—not reduced to writing—no inquiry by court**

An order of equitable distribution based upon the parties' stipulation that their property should be equally divided was vacated and remanded where there was no evidence that the terms of the stipulation were reduced to writing. Notwithstanding any reference by the parties or the court to the stipulation, it was incumbent upon the court to make inquiries and ascertain whether the parties fully understood their actions in entering into a stipulation.

**Am Jur 2d, Divorce and Separation § 820.**

Appeal by defendant from order and judgment entered 4 January 1993 by Judge Jane V. Harper in Mecklenburg County District Court. Heard in the Court of Appeals 1 February 1994.

*Knox, Knox, Freeman & Brotherton, by Edwin C. Ham and Bobby L. Bollinger, for plaintiff-appellee.*

*Joe T. Millsaps for defendant-appellant.*

LEWIS, Judge.

The trial court entered an order of equitable distribution based upon the parties' stipulation that their property should be divided equally between them. Because we find the stipulation ineffectual, we must vacate and remand. Our disposition of this appeal renders a recitation of the facts unnecessary.

In its order, the trial court found as a fact that the parties had stipulated to an equal distribution of marital property in an Equitable Distribution Pre-Trial Order. The court entered a conclusion of law to the same effect. Defendant contends the court erred in finding and concluding that the parties had stipulated to an equal division of their property, because there is no evidence of a stipulation in the record. In fact, a review of the transcript reveals

that the court itself stated that the Pre-Trial Order was never entered.

Plaintiff argues that the stipulation is valid, and contends that defendant acknowledged the stipulation by referring to it in opening arguments. Plaintiff also points to several places in the transcript and record where the trial court mentioned the existence of the stipulation. For example, before the trial began the judge mentioned that the trial would concern an equal distribution.

According to *McIntosh v. McIntosh*, 74 N.C. App. 554, 328 S.E.2d 600 (1985), if stipulations regarding equitable distribution are not reduced to writing or acknowledged by the parties, the trial court must make inquiries of the parties in order to insure that "each party's rights are protected and to prevent fraud and overreaching on the part of either spouse." 74 N.C. App. at 556, 328 S.E.2d at 602. *Accord Cornelius v. Cornelius*, 87 N.C. App. 269, 360 S.E.2d 703 (1987). "It should appear that the court read the terms of the stipulations to the parties; that the parties understood the legal effects of their agreement and the terms of the agreement, and agreed to abide by those terms of their own free will." 74 N.C. App. at 556, 328 S.E.2d at 602. In *McIntosh*, the parties had informally dictated their stipulations to a court reporter at a hearing regarding alimony. The stipulations were not reduced to writing or acknowledged by the parties, and the court made no inquiry as to whether or not the parties understood their agreement. This Court vacated the judgment of the trial court and remanded the case for further proceedings. *Id.* at 555, 328 S.E.2d at 601.

In the case at hand, there is no evidence that the terms of the stipulation were reduced to writing. Notwithstanding any reference by the parties or the court to the stipulation, we find it was incumbent upon the court, according to *McIntosh*, to make inquiries and ascertain whether or not the parties fully understood their actions in entering into a stipulation. In the absence of any evidence of such inquiries, we must vacate and remand.

Vacated and remanded.

Judges JOHNSON and EAGLES concur.