JEFFREY C. WATSON, SR., Plaintiff v. SUSAN Z. WATSON, Defendant

No. 9418DC426

(Filed 18 April 1995)

1. **Divorce and Separation § 164 (NCI4th)— equitable distribution—oral agreement on distribution—court's inquiry**

The trial court correctly entered a judgment in an equitable distribution action where the parties informed the court that they had agreed to entry of judgment in accordance with one of two

WATSON v. WATSON

[118 N.C. App. 534 (1995)]

alternative draft judgments which dealt with the marital home prepared and filed with a motion in the cause by defendant's attorney; defendant's attorney explained several changes; the court asked defendant whether she understood what her attorney had said, whether she understood what the order and judgment accomplished and what was contained in the twelve-page order, and whether she agreed to the entry of that order; defendant responded affirmatively to each inquiry; the court asked plaintiff whether he understood what defendant's attorney was saying, whether he had read through or understood the judgment and order, and whether he agreed to entering that order as modified; and the plaintiff also replied affirmatively. It may reasonably be inferred that the parties understood the terms of the proposed distribution of marital property from the fact that both parties were represented by counsel; the parties had participated in a prior equitable distribution hearing; the alternative draft judgment was filed with a motion in the cause and served on plaintiff's counsel; the major asset in the case was the marital home encumbered by a deed of trust and unpaid tax lien; and the parties indicated that they either read or understood the terms of the proposed distribution. *McIntosh v. McIntosh*, 74 N.C. App. 554, does not require the trial court to read to the parties in open court the terms of the proposed distribution of marital property under these circumstances. Moreover, plaintiff does not allege that he neither read nor understood the agreement and does not argue that he was prejudiced.

**Am Jur 2d, Divorce and Separation §§ 817 et seq.**

**2. Judgments § 95 (NCI4th)— equitable distribution—correction of judgment—entered into upon consent—no error**

There was no error where the trial court corrected a judgment in an equitable distribution action to reflect that it was entered into with the parties' consent. N.C.G.S. § 1A-1, Rule 60(a).

**Am Jur 2d, Judgments §§ 203 et seq.**

**3. Appeal and Error § 180 (NCI4th)— correction of judgment—docketing of appeal**

The trial court had the authority to correct a judgment where defendant's motion to correct the judgment was filed on 30 March, the order correcting the judgment was entered on 11 April, and the judgment was docketed on 24 April. Although plain-

tiff argued that the trial court had no authority to correct the judgment because plaintiff had filed in the Court of Appeals an order extending the time to contract with the court reporter for preparation of the trial transcript, an appeal is docketed upon the filing of the record on appeal.

**Am Jur 2d, Appellate Review §§ 345, 433.**

Appeal by plaintiff from order entered 8 September 1993 by Judge Joseph E. Turner in Guilford County District Court. Heard in the Court of Appeals 2 February 1995.

*Edward P. Hausle for plaintiff-appellant.*

*Alexander-Ralston, Speckhard & Speckhard, by Stanley E. Speckhard, for defendant-appellee.*

WALKER, Judge.

Plaintiff and defendant were married on 31 July 1976 and were separated on 12 June 1991. Subsequently, on 13 September 1991, defendant filed an action for alimony, child custody and support, interim and injunctive relief, and attorney's fees. On 20 July 1992, plaintiff filed an action for absolute divorce and equitable distribution. Plaintiff was granted an absolute divorce on 12 October 1992. The parties' equitable distribution hearing was held on 8 June 1993. At the conclusion of the hearing, the trial court announced a tentative judgment and postponed entry of a final written judgment.

Subsequently, defendant's attorney prepared drafts of alternative judgments and filed a motion in the cause in the equitable distribution action. The motion, which contained copies of the alternative draft judgments designated as Exhibits A and B, prayed that judgment be entered in the manner described in Exhibit B. Exhibit A was a narrative of the court's tentative judgment of 8 June 1993. It provided for sale of the parties' residence and an equal division of the net proceeds after certain reimbursements were made. Either party was permitted to buy out the other's interest in the residence, but defendant was given first priority in a buy-out. Exhibit B provided that plaintiff transfer his equity in the residence valued at $9,230.64 to defendant in satisfaction of $10,804.00 in child support and alimony arearrages and attorney's fees which plaintiff owed defendant.

On 30 August 1993, the parties appeared for a hearing on plaintiff's motion for equitable distribution, defendant's motion to "show

cause," and defendant's motion for permanent alimony and child support. At that time, the parties informed the court that they had agreed to the entry of judgment in accordance with Exhibit B, with several changes. Defendant's attorney explained these changes and also noted that plaintiff's attorney held a deed by which plaintiff was conveying his interest in the residence to defendant.

Thereafter, the court asked defendant whether she understood what her attorney had said, whether she understood what the order and judgment accomplishes and what was contained in the twelve-page order, and whether she agreed "to the entry of that order by me settling these matters . . . between you and [plaintiff]." Defendant replied, "Yes," to each inquiry. The court then asked plaintiff whether he understood what defendant's attorney was saying, whether he "read through or do you understand the terms of this twelve-page judgment and order," and whether he agreed to entering that order as modified by the deletion of two sentences. To each of these inquiries, plaintiff also replied, "Yes."

On 8 September 1993, the court entered an order and judgment in the parties' equitable distribution action in accord with Exhibit B. Plaintiff filed notice of appeal from this order. Subsequently, defendant filed a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(a) (1990) to correct the judgment on grounds that "by oversight reference to the fact that the parties in open court on August 30, 1993, voluntarily consented to the entry of the findings of fact and conclusions of law and the court's decree was omitted." By order entered 11 April 1994, the trial court granted defendant's motion.

[1] Plaintiff argues that the order of 8 September 1994 should be vacated because the trial court's inquiry regarding the proposed distribution of marital property failed to meet the requirements of *McIntosh v. McIntosh*, 74 N.C. App. 554, 556, 328 S.E.2d 600, 602 (1985), where the court held that:

> [where] oral stipulations [concerning marital property] are not reduced to writing it must affirmatively appear in the record that the trial court made contemporaneous inquiries of the parties at the time the stipulations were entered into. It should appear that the court read the terms of the stipulations to the parties; that the parties understood the legal effects of their agreement and the terms of the agreement, and agreed to abide by those terms of their own free will.

"This procedure is to insure that each party's rights are protected and to prevent fraud and overreaching on the part of either spouse." *Id.*

Plaintiff argues that the court's inquiry was insufficient to satisfy the requirements of *McIntosh* because it did not read the terms of the proposed order and there is nothing to show that the parties read and understood the proposed order. In *McIntosh*, this Court considered whether an order dividing the parties' marital property according to their oral stipulations was valid where the trial court made "[n]o inquiry . . . into the parties' understanding of the legal effect of their agreement or the terms of their agreement" and "[t]he stipulations were not reduced to writing nor were they acknowledged by the parties as accurately reflecting their agreement." *McIntosh*, 74 N.C. App. at 555-56, 328 S.E.2d at 601. The Court stated, "[w]e believe that failure of the trial court to make such inquiries and/or the parties' failure to reduce the stipulations to writing is inadequate to protect . . . the rights of the parties." The court found support for this belief in N.C. Gen. Stat. § 50-20(d) (1994), which provides that the parties may "by written agreement, duly executed and acknowledged in accordance with the provisions of G.S. 52-10 and 52-10.1, or by a written agreement valid in the jurisdiction where executed, provide for distribution of the marital property . . . and the agreement shall be binding on [them]." *Id.*

The Court stated that it believed that N.C. Gen. Stat. § 50-20(d) was enacted to insure against fraud and overreaching on the part of one of the spouses and noted that to be valid, " 'a separation agreement must be untainted by fraud, must be in all respects fair, reasonable and just, and must have been entered into without coercion or the exercise of undue influence, and with full knowledge of all the circumstances, conditions, and rights of the contracting parties.' " *Id.* at 556, 328 S.E.2d at 602 (*quoting Johnson v. Johnson*, 67 N.C. App. 250, 255, 313 S.E.2d 162, 165 (1984)).

Here the record establishes the following facts from which it reasonably appears that the parties understood the terms of the proposed distribution of marital property: (1) both parties were represented by counsel, (2) the parties had participated in an equitable distribution hearing on 8 June 1993, (3) Exhibit B was filed with a motion in the cause in this action on 24 August 1993 and served on plaintiff's counsel, (4) the major asset in the case was the marital home encumbered by a deed of trust and unpaid tax lien, and (5) the parties indicated that they either read or understood the terms of the

proposed distribution. We do not construe *McIntosh* as requiring the trial court to read to the parties in open court the terms of the proposed distribution of marital property under these circumstances. Moreover, we note that plaintiff does not allege that he neither read nor understood the terms of the order. *Assuming arguendo* that plaintiff neither read nor understood the order, plaintiff does not argue that he was prejudiced and we find no prejudice. We thus affirm.

**[2]** Plaintiff further argues that the trial court erred in correcting the judgment to reflect that it was entered into upon the parties' consent. N.C. Gen. Stat. § 1A-1, Rule 60(a) (1990) addresses the correction of clerical mistakes in judgments. Section (a) permits the courts to correct clerical errors or omissions; however, courts do not have the power under this section to affect the substantive rights of the parties or to correct substantive errors in their decisions. *Hinson v. Hinson*, 78 N.C. App. 613, 615, 337 S.E.2d 663, 664 (1985), *disc. rev. denied*, 316 N.C. 377, 342 S.E.2d 895 (1986). Plaintiff argues that the addition of language which reflects the parties' consent to the order and judgment may have affected his substantive rights by eliminating the necessity of following *McIntosh* procedures and was thus prohibited under Rule 60(a). Based on our determination in this case we find this argument without merit.

**[3]** Plaintiff also argues that the trial court had no authority to correct the judgment because plaintiff had docketed the appeal by filing in the Court of Appeals an order extending the time in which plaintiff was required to contract with the court reporter for preparation of the trial transcript and the court did not obtain leave of this Court. This argument is without merit. Pursuant to Rule 12(b) of our appellate rules, an appeal is docketed upon the time of filing the record on appeal. N.C. R. App. P. 12(b) (1994). The record shows that plaintiff's appeal was filed and docketed on 24 April 1994, defendant's motion to correct judgment was filed 30 March 1994, and the order correcting judgment was entered 11 April 1994. The judgment below is

Affirmed.

Judges EAGLES and McGEE concur.