DEBORAH C. HURLEY (CRAFT), Plaintiff-Appellee v. DAVID L. HURLEY, Defendant-Appellant

No. COA95-1213

(Filed 17 September 1996)

**Divorce and Separation § 4 (NCI4th)— settlement agreement —oral stipulations by attorneys in open court—not binding**

A trial court order holding that an earlier oral stipulation as to marital and property rights was binding was vacated and remanded where there was no evidence in the record that the stipulation was ever reduced to writing and thereafter duly executed and acknowledged, the trial court made no contemporaneous inquiry of the parties, and the parties were absent from the courtroom at the time the oral stipulation was stated on the record. Inquiry must be made of the parties themselves, not of the parties' attorneys or representatives, and that inquiry must be made contemporaneously with the entry of the oral stipulations.

**Am Jur 2d, Divorce and Settlement §§ 819 et seq.**

**Enforceability of premarital agreements governing support or property rights upon divorce or separation as affected by circumstances surrounding execution—modern status. 53 ALR4th 85.**

**Enforceability of premarital agreements governing support or property rights upon divorce or separation as affected by fairness or adequacy of those terms—modern status. 53 ALR4th 161.**

Appeal by defendant from order entered 14 July 1995 by Judge Charles L. White in Guilford County District Court. Heard in the Court of Appeals 22 August 1996.

On 23 November 1993, plaintiff filed a complaint seeking, *inter alia*, temporary and permanent alimony, divorce from bed and board, and injunctive relief with regard to marital property. Thereafter, on 11 January 1994, the parties through counsel entered stipulations of settlement orally in open court. The parties themselves were not present in court when these stipulations were announced before the court, but an official court reporter recorded the oral stipulations and defense counsel informed the court that the oral stipulations would be memorialized in a consent order to be signed by the parties.

As the parties attempted to draft a mutually agreeable consent order, a dispute arose regarding the legal effect of the oral stipulations. Plaintiff then filed a motion to show cause seeking to have the court enforce the terms of the orally stipulated settlement agreement. On 14 July 1995, Judge Charles L. White entered an order holding that the oral stipulations were binding upon the parties.

Defendant appeals.

*Barbara R. Morgenstern for plaintiff-appellee.*

*Gabriel Berry & Weston, L.L.P., by M. Douglas Berry, for defendant-appellant.*

EAGLES, Judge.

The sole issue on appeal is whether oral stipulations in open court as to marital and property rights are valid when entered by the parties' attorneys without the parties themselves being present. Defendant argues that, unless the parties themselves were present, these oral stipulations are invalid. We agree.

In *McIntosh v. McIntosh*, 74 N.C. App. 554, 556, 328 S.E.2d 600, 602 (1985), this Court held that

the same scrutiny which is applied to separation agreements must also be applied to stipulations entered into by a husband and a wife regarding the distribution of their marital property. Any agreement entered into by parties regarding the distribution of their marital property should be reduced to writing, duly executed and acknowledged. If, as in the case *sub judice*, oral stipulations are not reduced to writing it must affirmatively appear in

the record that the trial court made contemporaneous inquiries of the parties at the time the stipulations were entered into. It should appear that the court read the terms of the stipulations to the parties; that the parties understood the legal effects of their agreement and the terms of the agreement, and agreed to abide by those terms of their own free will.

*Id.* This language is clear. Inquiry must be made of the parties themselves, not of the parties' attorneys or representatives, and that inquiry must be made contemporaneously with the entry of the oral stipulations. Accordingly, we conclude under *McIntosh* that, absent a reduction of the agreement to a duly executed and acknowledged writing, the trial court must contemporaneously inquire of the parties themselves as to their understanding of the legal effect of the agreement. *Id.*

Here, we find no evidence in the record that the stipulation was ever reduced to writing and thereafter duly executed and acknowledged. The trial court here also made no contemporaneous inquiry of the parties, the parties having been absent from the courtroom at the time the oral stipulation was stated on the record. Incidentally, within less than three months after counsel entered the oral stipulation, the parties clearly evinced that they interpreted their alleged agreement differently and that each objected to the other's interpretation.

In sum, we conclude that *McIntosh* is controlling on this issue and not subject to exception on the facts of this case. As we have stated:

[T]here is no evidence that the terms of the stipulation were reduced to writing. Notwithstanding any reference by the parties or the court to the stipulation, we find it was incumbent upon the court, according to *McIntosh*, to make inquiries and ascertain whether or not the parties fully understood their actions in entering into a stipulation. In the absence of any evidence of such inquiries, we must vacate and remand.

*Aycock v. Aycock*, 113 N.C. App. 834, 835, 440 S.E.2d 282, 282-83 (1994).

Vacated and remanded.

Judges WALKER and McGEE concur.