**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rita Darlene Carson Bell, Appellant,

v.

Bryon Keith Bell, Respondent.

Appellate Case No. 2014-000268

―――――――――――

Appeal From Pickens County
Rochelle Y. Conits, Family Court Judge

―――――――――――

Unpublished Opinion No. 2016-UP-221
Submitted April 1, 2016 – Filed May 25, 2016

―――――――――――

**AFFIRMED**

―――――――――――

Rita Darlene Carson Bell, of Easley, pro se.

Mary Alice H. Godfrey, of Godfrey Law Firm, of Greenville, for Respondent.

―――――――――――

**PER CURIAM:** Rita Darlene Carson Bell (Wife) appeals the family court's order granting her a divorce on the ground of adultery from Bryon Keith Bell (Husband). On appeal, Wife argues the family court erred in finding (1) adultery did not contribute to the divorce, (2) Husband's home was not transmuted, and (3) Wife's payments on the home equity line of credit were a business expense. Additionally,

Wife asks this court to consider contributions she made to Husband's home prior to the marriage and award her fair equity in Husband's home. We affirm.

1. As to issue 1, we find the family court did not err in finding adultery did not contribute to the divorce. *See Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[T]he family court's factual findings will be affirmed unless [the] 'appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court.'" (quoting *Finley v. Cartwright*, 55 S.C. 198, 202, 33 S.E. 359, 360-61 (1899))).

2. As to issues 2, 3, 4, and 5, we find the family court did not err in finding the Husband's home was not transmuted and Wife was not entitled to special equity; and therefore, did not err in finding Husband's home was nonmarital property not subject to equitable division. *See Johnson v. Johnson*, 296 S.C. 289, 295, 372 S.E.2d 107, 110-11 (Ct. App. 1988) ("The spouse claiming transmutation must produce objective evidence showing that, during the marriage, the parties themselves regarded the property as the common property of the marriage."); *Webber v. Webber*, 285 S.C. 425, 428, 330 S.E.2d 79, 81 (Ct. App. 1985) ("[O]ne spouse acquires a special equity in the property of the other if (1) the property was acquired during coverture, (2) the spouse contributed to the acquisition of the property, and (3) the spouse's contribution was material."); S.C. Code Ann. § 20-3-630(A)(2) and (B) (2014) (defining nonmarital property as "property acquired by either party before the marriage" and stating "[t]he court does not have jurisdiction or authority to apportion nonmarital property"); *Murray v. Murray*, 312 S.C. 154, 157, 439 S.E.2d 312, 315 (Ct. App. 1993) ("The parties lived in the marital home for the duration of the marriage. Although this was [the wife's] home for over seventeen years, the mere use of separate property to support the marriage, without some additional evidence of intent to treat it as property of the marriage, is not sufficient to establish transmutation.").

**AFFIRMED.**[1]

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.