R. L. COLTRANE v. S. W. LAUGHLIN, ADMINISTRATOR, S. L. COLTRANE, ET AL.

(Filed 27 November, 1911.)

1. Courts—Jurisdiction—Pleadings—Judgment—Estoppel.

When a court having jurisdiction of the cause and the parties renders judgment therein, it estops the parties and their privies as to all issuable matters contained in the pleadings, and though not issuable in a technical sense, it concludes, among other things, as to all matters within the scope of the pleadings which are material and relevant and were in fact investigated and determined at the hearing.

2. Same—Tenants in Common—Contracts to Convey—Deeds and Conveyances.

In special proceedings for partition of lands by tenants in common, left them under the will of their father as remaindermen after the life estate of their mother, one of them set up a parol contract alleged to have been made by the others, to convey the lands upon consideration of his having moved upon the lands and taken care of the mother during her lifetime, and the issue thus raised was transferred to the civil-issue docket, and an order of reference made, whereupon it was found that no such contract was made, and it was so adjudged, and judgment duly entered, that the claimant account for the rents and profits for the time he was in possession cultivating the land, and that he recover a certain sum of money, which was the difference between this and the value of the improvements he had put upon

COLTRANE *v.* LAUGHLIN.

the lands: *Held*, the tenant setting up the contract was estopped by the former judgment from suing to recover damages for breach of the alleged contract to convey the lands, and to condemn and apply the proceeds of a sale thereof to satisfaction of such damages; for while it may not have been necessary in the former action for the plaintiff in this one to have alleged the contract in order to recover for permanent improvements, it was included in the scope of the former inquiry and concluded by the judgment therein.

3. Clerks of Courts—Jurisdiction—Equity—Transfer to Term—Superior Courts.

In special proceedings for the partition of lands by tenants in common, wherein one of them asks for specific performance by the others of a contract to convey their interests therein, the clerk of the court may not grant the equitable relief sought, but upon his transferring the issue to the civil-issue docket, the Superior Court has the acquired jurisdiction to determine the question thus presented and to afford adequate relief.

4. Reference—Scope of Order—Admissions—Defect Cured—Tenants in Common.

A tenant in common resisted the partition of the lands in controversy upon the grounds of an alleged contract made by the others to convey their interest to him, which the clerk transferred to the civil-issue docket, whereupon it was referred and the referees' report confirmed and judgment duly entered, after all objections to the report had been withdrawn: *Held*, in this case the matters embraced in the pleadings were within the purview of the order of reference, except the tenancy in common, and the necessity of sale of the lands, which were admitted, and as all exceptions to the report were withdrawn, any defect in the order of reference, if it existed, is cured.

5. Tenants in Common—Plea—Sole Seizin—Jurisdiction—Ejectment—Procedure.

In proceedings by tenants in common for partition of lands, a plea of sole seizin by one of them may be entered before the clerk, and on transfer to the court in term, the issue will be determined as in an action of ejectment.

6. Tenants in Common—Contract to Convey—Issues.

In proceedings for partition of lands by tenants in common, a contention by one of them that the others had contracted to convey their interests therein to him, which is denied, directly involves the existence of the contract on an issue as to the fact of the tenancy in common.

COLTRANE *v.* LAUGHLIN.

APPEAL from *Daniels, J.,* at July Term, 1911, of RANDOLPH.

Civil action to recover damages for breach of contract to convey land and to condemn and apply the proceeds from a sale of real estate to satisfaction of the damages alleged to be recoverable.

Defendants denied the existence of the contract and pleaded an estoppel of record against recovery by reason of a judgment on action commenced before the Clerk of Randolph County as a special proceeding to sell land for division among tenants in common, transferred on issues joined to the Superior Court of Randolph County and determined there by judgment on report of referee, duly entered in Superior Court of said county, July Term, 1909, as follows:

Superior Court of Randolph County, July Term, 1909.

This cause coming on for a hearing upon exception to report of referee, all exceptions are withdrawn and it is adjudged that the report of referee be in all respects approved and confirmed. The referee allowed a fee, etc.

(Signed) B. F. LONG, *Judge Presiding.*

On the present trial his Honor, reserving the question of estoppel, submitted issues, and the following verdict was rendered by the jury:

1. Did the plaintiff and S. L. Coltrane enter into the contract alleged in the complaint? Answer: Yes.

2. Did the plaintiff comply with the terms of said contract, as alleged in the complaint? Answer: Yes.

And the court being of opinion on the question reserved that there was no estoppel of record shown, and the amount of damages, if any due, having been admitted, entered judgment for plaintiff, and defendants excepted and appealed.

*J. A. Spence for plaintiff.*
*Sapp & Williams and Morehead & Morehead for defendant.*

HOKE, J., after stating the case: On the question of estoppel it was made to appear by admission and the inspection of the record chiefly that "In the year 1866 or 1867 Abner Coltrane

died in Randolph, seized of a tract of land containing 111 acres, leaving a widow and three children, his only heirs at law, to wit, the plaintiff R. L. Coltrane, S. L. Coltrane, and Ruth Gardner; S. L. Coltrane, then a nonresident, having moved from this State while a minor. Mrs. Gardner left the State soon after her father's death. The plaintiff moved in with his mother immediately after the death of his father and resided with her till she died—about forty years—raising a family while so living with her and repairing and putting improvements upon the premises. In May, 1906, soon after the death of the life tenant, his mother, the plaintiff instituted a special proceeding in Superior Court of Randolph County to sell the land for division, against S. L. Coltrane and Mrs. Gardner, she being a widow, and in the complaint made a claim for an allowance by reason of permanent and valuable improvements put upon the land during his occupation, and basing his claim also on separate and specific allegations made in terms as follows: "That just after the death of the said Abner Coltrane, the defendants contracted and agreed with the plaintiff that he should move on said lands and take care of his mother, and in consideration of his taking care of his mother, who was also the mother of the defendants, that the said petitioner should have their interest in the lands aforesaid; that in pursuance of the aforesaid agreement the said R. L. Coltrane did move on said lands and carried out his part of the aforesaid agreement in spirit and letter by taking care of his mother, who died a year or two ago; that while in possession of said lands under the aforesaid agreement and as tenant in common the petitioner put valuable and permanent improvements on said lands, to wit, dwelling-house, barn, granary, smokehouse, and the digging of a well and other things, worth in all $500 to $600; and the said petitioner is advised and believes that he should be paid for the value of said improvements before the defendants are allowed anything from the proceeds of said sale."

Defendants S. L. Coltrane and Mrs. Gardner made answer, alleging that they were tenants in common with plaintiff; denied there was ever any contract to convey their interest to plaintiff; alleged that rents and profits received should be

accounted for as against the claim for permanent improvements and amount if any due defendants paid, and prayed judgment that the land be sold for division, etc.

The cause was transferred to civil-issue docket, and S. L. Coltrane having died, his heirs at law were duly made parties defendant, and at March Term, 1908, an order of reference was made, containing the following recitals: "This cause being called for trial, and it appearing to the court that the plaintiff alleges that he and the defendants are tenants in common, and which is admitted by the defendants, and both parties in open court having agreed that the land described in the petition should be sold and that the questions raised by the pleadings should be referred." And after directing a sale, the said order proceeded: "And the said referee is hereby ordered to hear evidence as to the increased value of said land because of any improvements, if any, placed upon said land by any of the parties thereto, and ascertain and find the value of the same, and also to hear evidence as to the rental value of said land and to find what the rental value of said land amounts to, and also to find from the evidence whether or not the plaintiff should be paid for his improvements, and, if so, how much, and whether or not the plaintiff should account for rents and profits arising from this land, and, if so, what amount."

Said referee made his report to July term, finding facts specially relevant to this inquiry as follows:

1. That the plaintiff R. L. Coltrane moved on the tract of land described in the complaint in the year 1867, and has lived thereon continuously to the present.

2. That there was no contract between plaintiffs and defendants that the plaintiff should have the land in consideration of his moving there and taking care of his mother.

3. That the said R. L. Coltrane resided on and cultivated only that part of the land which was embraced in his mother's dower, which had been allotted, covering a portion of said tract of land.

4. That his mother, the dower tenant, died in January, 1905, since which time the plaintiff has been receiving the rents and profits of the place.

The report then proceeds to state the account, and as a conclusion of law awards plaintiff the sum of $300 over and above

rents for which he was properly chargeable, which said sum was first allowed plaintiff from the proceeds of sale. Judgment was entered confirming report as heretofore shown, and Mrs. Gardner having received her share of this money and defendant McLaughlin having duly qualified as administrator of S. L. Coltrane, deceased, plaintiff instituted the present action against him and the children, heirs at law of S. L. Coltrane, to recover damages for breach of the contract to convey the land and condemn and apply the share belonging to estate of S. L. Coltrane to payment of same.

Upon these, the controlling facts relevant to the inquiry, we are of opinion that plaintiff is concluded as to the existence of the contract upon which he brings suit, and that no recovery may be had thereon.

It is well recognized here and elsewhere that when a court having jurisdiction of the cause and the parties renders judgment therein, it estops the parties and their privies as to all issuable matter contained in the pleadings, and though not issuable in the technical sense, it concludes, among other things, as to all matters within the scope of the pleadings which are material and relevant and were in fact investigated and determined on the hearing. *Gilliam v. Edmonson,* 154 N. C., 127; *Tyler v. Capehardt,* 125 N. C., 64; *Tuttle v. Harrell,* 95 N. C., 456; *Fayerweather v. Ritch,* 195 U. S., 277; *Aurora City v. West,* 74 U. S., 82, 103; *Chamberlain v. Gaillard,* 26 Ala., 504; 23 Cyc., p. 1502-4-6.

In *Capehardt's case, supra,* it was held: "A judgment is decisive of the points raised by the pleadings, or which might be properly predicated upon them; but does not embrace any matters which might have been brought into the litigation, or causes of action which the plaintiff might have joined, but which in fact are neither joined nor embraced by the pleadings."

In *Fayerweather's case* it was held: "Where it appears that a question was distinctly put in issue and the parties presented, or had an opportunity to present, their evidence, and the question was decided by a court of competent jurisdiction, private right and public welfare both demand that the question so adjudicated shall, except in direct proceedings for review, be considered as finally settled and conclusive upon the parties."

In *Aurora City v. West, supra,* it is said: "The better opinion is that the estoppel when the judgment was rendered on its merits, whether on demurrer, agreed statement, or verdict, extends to every material allegation or statement, which having been made on one side and denied on the other, was at issue in the cause and was determined in the course of the proceedings. *Associate Justice Miller* dissented in the case, on the ground that the decision was in some respects too broad, but he gave full adherence to the proposition here stated, as follows: "It is true that some of the earlier cases speak as if everything which might have been decided in the first suit must be considered as concluded by that suit; but this is not the doctrine of the courts of the present day, and no court has given more emphatic expression to the modern rule than this. That rule is that when a former judgment is relied on, it must appear from the record that the point in controversy was necessarily decreed in the first suit or be made to appear by extrinsic proof that it was in fact decided."

In the proceedings relied upon by defendant it may not have been essential to plaintiff's recovery for permanent improvements to allege that there was a contract to convey him the land, but he alleged the existence of such a contract and made the same a basis for such recovery; issue was joined thereon by express averment; the matter was fully investigated and the facts determined against him, and under the doctrine of estoppel as recognized and instanced in the authorities cited, plaintiff is and should be concluded.

It was objected on the argument that the clerk had no jurisdiction to award the equitable relief by decreeing specific performance, and the position might be maintained if the proceedings had remained before him; but on issues joined the cause was properly removed to the Superior Court in term, and under the provisions of our statute that court had full jurisdiction to determine all questions presented and afford adequate relief. Revisal 1905, secs. 614, 717; *Oldham v. Rieger,* 145 N. C., 254; *Foreman v. Hough,* 98 N. C., 386.

It was further insisted that the referee was not authorized to consider and pass upon the existence of the contract, and so the

question was not properly presented in the former proceedings. We do not take this view of the order of reference. Paying due regard to the preliminary recitals, we think that all matters embraced in the pleadings were within the purview of the order except the tenancy in common and the necessity for a sale, both of which were admitted; but conceding that the question was not within the terms of the order, it was fully investigated and determined. All exceptions to the findings of the referee withdrawn and the report in all respects approved and confirmed. Any defect in the order of reference, if it existed, is thereby fully cured. *Morris v. Haas,* 54 Neb., 579.

Apart from all this, it has always been held that in proceedings for partition a plea of sole seizin could be entered before the clerk, and on transfer to the court in session that this issue would be determined as in an action of ejectment. *Purvis v. Wilson,* 50 N. C., 22.

In the original proceedings, while inconsistent with the other portion of his pleading and the prayer for relief, the allegation of plaintiff's petition amounted in substance to this, that he had a contract with defendants, his brother and sister, that they would convey him the land for taking care of his mother, and that he had paid the price. If this was established, defendants had no interest, and, recognizing this, they joined issue on these averments, denied the existence of the contract, and alleged that they were tenants in common, and asked for a sale. In this view, the existence of the contract was directly involved in the issue as to tenancy in common, and in any event the plaintiff should be estopped by the judgment. *Carter v. White,* 134 N. C., 466; *Weeks v. McPhail,* 129 N. C., 73.

There is error, and on question reserved judgment must be entered for defendant.

Reversed.