E. D. ELDRANGE DRAUGHON, APPELLEE v. LOUISE BILL DRAUGHON, APPELLANT

No. 8812DC889

(Filed 5 July 1989)

**Divorce and Alimony § 30; Rules of Civil Procedure § 60.2— equitable distribution award—inability to agree to modification—setting aside of order improper—use of Rule 60 as substitute for appeal**

The trial court erred in setting aside an equitable distribution award pursuant to N.C.G.S. § 1A-1, Rule 60(b)(6) because the parties could not agree as to a modification of the order and plaintiff failed to preserve his right of appeal while the modification was being considered, since that was not a justifiable reason for setting the order aside; the stability of the judicial order arrived at after an adversarial hearing could not be made to depend upon the parties' agreement to it; setting the order aside because plaintiff lost his right to appeal through his own oversight amounted to using Rule 60(b) as a substitute for appeal; and plaintiff had previously upheld the order's validity by seeking its enforcement and defendant's punishment for not complying with its terms.

APPEAL by defendant from *Cherry, Judge.* Order entered 5 May 1988 in District Court, CUMBERLAND County. Heard in the Court of Appeals 15 March 1989.

This appeal concerns the second equitable distribution order entered in this case by Judge Hair. The first order, entered on 27 November 1985, was vacated because of errors in valuing certain assets. *Draughon v. Draughon,* 82 N.C. App. 738, 347 S.E. 2d 871 (1986), *cert. denied,* 319 N.C. 103, 353 S.E. 2d 107 (1987). The second order, entered on 27 August 1987, divided the marital property and, *inter alia,* required defendant, who received assets of much greater value, to make an equalizing payment to plaintiff in the amount of $52,361. This order was not appealed, though neither party was satisfied with it and plaintiff was extremely dissatisfied. Plaintiff's dissatisfaction led Judge Hair to encourage counsel for both parties to recommend a settlement. The lawyers recommended to their clients that defendant pay plaintiff $5,000 more than the order required and that plaintiff accept it in lieu of appealing. The recommendations were based on the expedient ground that an appeal would probably cost each party as much as the proposed settlement. Plaintiff was willing to settle on the basis proposed, but defendant was not and never indicated that she was. After several months went by without the order being complied with by either party, each filed a motion in the cause urging that the other be adjudged in contempt; plaintiff's motion was filed on 4 March 1988 and defendant's on 26 April 1988. On 2 May 1988 plaintiff also moved under Rule 60(b), N.C. Rules of Civil Procedure, to set the order aside and grant a new trial. The motion was not based on any of the specific grounds authorized by subsections (1) through (5) of Rule 60(b) of the N.C. Rules of Civil Procedure — such as excusable neglect, fraud, mistake, inadvertence, newly discovered evidence, etc. It was based on subsection (6) of Rule 60(b) — "Any other reason justifying relief from the operation of the judgment"; and the only reason stated in the motion and argued at the hearing was that plaintiff let the time for appealing go by in the reasonable belief or expectation that defendant would settle the case on the basis recommended by her lawyer. All the motions were heard by Judge Cherry, who set aside the equitable distribution order, and in so doing stated only that: "Well, the only thing that concerns me is that he lost his right of appeal. I would not be concerned about it other than that." The contempt motions, rendered moot, were not ruled upon.

*Blackwell, Russ & Strickland, by John Blackwell, Jr. and Jill C. Miller, for plaintiff appellee.*

*Harris, Sweeny & Mitchell, by Ronnie M. Mitchell and W. Trent Fox, Jr., for defendant appellant.*

PHILLIPS, Judge.

The order setting aside the equitable distribution award has no authorized basis, in our opinion, and must be vacated. Though subsection (6) of Rule 60(b), N.C. Rules of Civil Procedure, gives the trial court broad power to serve the ends of justice by vacating a judgment or order for justifiable reasons, *Thomas v. Thomas*, 43 N.C. App. 638, 260 S.E. 2d 163 (1979), the record plainly establishes that the order involved was not set aside for such a reason. The order was not set aside because it was deemed to be erroneous, unjust, or unfairly arrived at; it was set aside, as the record plainly shows, because the parties could not agree as to a modification of the order and plaintiff failed to preserve his right of appeal while the modification was being considered. The parties' failure to agree as to the order's modification is not a justifiable reason for setting the order aside; for they resorted to the court in the first place because of their inability to agree and the stability of the judicial order arrived at after an adversarial hearing cannot be made to depend upon their agreement to it. And setting the order aside because plaintiff lost his right to appeal through his own oversight amounted to using Rule 60(b)(6) as a substitute for appeal, which our law does not permit. *Town of Sylva v. Gibson*, 51 N.C. App. 545, 277 S.E. 2d 115, *disc. rev. denied, appeal dismissed*, 303 N.C. 319, 281 S.E. 2d 659 (1981). If the order remained set aside we have no reason to suppose that the next equitable distribution order would be acquiesced in by both parties; and under the circumstances recorded the integrity and stability of our judicial process requires that the duly entered and presumably correct order be reinstated and upheld. *Highfill v. Williamson*, 19 N.C. App. 523, 199 S.E. 2d 469 (1973).

Another reason that the order should not have been set aside at plaintiff's request is that he had previously upheld the order's validity by seeking its enforcement and defendant's punishment for not complying with its terms; for the law does not look with favor upon parties who attack court orders they have previously relied upon. *Amick v. Amick*, 80 N.C. App. 291, 341 S.E. 2d 613

(1986); *Mayer v. Mayer*, 66 N.C. App. 522, 311 S.E. 2d 659 (1984); *Harris v. Harris*, 50 N.C. App. 305, 274 S.E. 2d 489, *disc. rev. denied, appeal dismissed*, 302 N.C. 397, 279 S.E. 2d 351 (1981); 31 C.J.S. *Estoppel* Sec. 117 (1964).

Vacated.

Judges ARNOLD and JOHNSON concur.