VEVENCIA WILSON, Plaintiff-Appellee v. CHARLES WILSON, Defendant-
Appellant

No. 894DC513

(Filed 17 April 1990)

**1. Appearance § 2 (NCI3d)— absence of service of process—
general appearance—personal jurisdiction**

Defendant made a general appearance in an action for
divorce from bed and board and thus submitted himself to
the jurisdiction of the court when he signed a consent judg-
ment even though he was never served with process.

**Am Jur 2d, Divorce and Separation §§ 310-317.**

**2. Judgments § 21 (NCI3d)— consent judgment—lack of counsel—
misrepresentation to court—no grounds for setting aside**

Defendant was not entitled to have a consent judgment
granting plaintiff a divorce from bed and board set aside on
the ground that defendant was not represented by counsel
when he consented to the judgment or on the ground that
the parties misrepresented to the court that they were
separated.

**Am Jur 2d, Divorce and Separation §§ 460, 463, 478.**

Appeal by defendant from order entered 10 January 1989
and amended 12 April 1989 by *Williamson, Judge,* in Onslow Coun-
ty District Court. Heard in the Court of Appeals 4 December 1989.

*Larry J. Miner for plaintiff appellee.*

*Paul A. Hardison for defendant appellant.*

PHILLIPS, Judge.

On 15 October 1987 plaintiff brought this action for a divorce
from bed and board. Though defendant was never served with
the summons and complaint nor with the alias and pluries summons,
which were duly issued, when the matter came on for hearing
on 29 December 1987 a judgment for divorce from bed and board
that defendant consented to was entered. On 20 January 1988 plain-
tiff was killed in an automobile accident. On 26 July 1988 defendant
moved to set the consent judgment aside, asserting that he was

not then represented by counsel and was not advised of the judgment's effect, and that at the time the judgment was entered the parties had resumed the marital relationship. Following a hearing, defendant's motion for relief under Rule 60(b), N.C. Rules of Civil Procedure, was denied. We affirm.

[1] Defendant's principal argument that the court had no jurisdiction over him since he was never served with process has no basis. By signing the consent judgment, which he admits, defendant made a general appearance in the case and thus submitted himself to the jurisdiction of the court. *M. G. Newell Company, Inc. v. Wyrick*, 91 N.C. App. 98, 370 S.E.2d 431 (1988); *Blackwell v. Massey*, 69 N.C. App. 240, 316 S.E.2d 350 (1984).

[2] The other grounds defendant asserts state no basis for judicial relief: Obtaining counsel if he needed one was his responsibility, not the plaintiff's or the court's; and having participated in obtaining the judgment by misrepresenting to the court that the parties were separated, rather than reconciled, is no ground for releasing him from the judgment. Furthermore, except for the jurisdictional contention the motion was addressed to the sound discretion of the trial court, *Sink v. Easter*, 288 N.C. 183, 217 S.E.2d 532 (1975), and no abuse is apparent. *Harris v. Harris*, 307 N.C. 684, 300 S.E.2d 369 (1983).

Affirmed.

Chief Judge HEDRICK and Judge GREENE concur.