F. AUBREY THACKER, JR. v. PATTY H. THACKER

No. 9121DC732

(Filed 15 September 1992)

1. **Divorce and Separation § 175 (NCI4th)— consent judgment— division of marital assets—agreement made without benefit of counsel—no grounds to set aside under Rule 60(b)**

   The trial court properly concluded that the parties' consent order was valid and enforceable and should not be vacated or set aside pursuant to N.C.G.S. § 1A-1, Rule 60(b), though the order was entered into by defendant without benefit of legal counsel, defendant was ignorant of her rights pursuant to the equitable distribution laws of this state, and the order awarded plaintiff a significantly larger portion of the marital assets, since there was no evidence of mutual mistake or fraud on the part of plaintiff, and there was no showing of extraordinary circumstances or that justice demanded relief.

   **Am Jur 2d, Divorce and Separation § 836.**

2. **Divorce and Separation § 175 (NCI4th)— consent judgment— no requirement that judge determine parties' understanding of terms**

   There was no merit to defendant's argument that the trial court erred by failing to conclude that a consent judgment was void or irregular due to the failure of the judge who entered the consent order to require both plaintiff and defendant to participate in a voir dire by the court regarding their understanding of the terms of the agreement.

   **Am Jur 2d, Divorce and Separation § 836.**

APPEAL by defendant from *Keiger (R. Kason), Judge.* Order entered 3 June 1991 in District Court, FORSYTH County. Heard in the Court of Appeals 24 August 1992.

## THACKER v. THACKER

[107 N.C. App. 479 (1992)]

Plaintiff instituted this civil action on 3 July 1990 requesting a divorce from bed and board from defendant, possession of the marital homeplace, an equitable distribution of marital property, and a restraining order directing defendant not to dissipate the marital assets of the parties. Defendant did not retain counsel and did not file an answer to plaintiff's complaint. On 20 August 1990, a consent judgment signed by both parties was entered by the trial court. The judgment provided for a full distribution of the parties' marital assets and liabilities. Pursuant to the terms of the consent order, defendant also executed several other documents, including a quitclaim deed transferring all of her interest in the marital homeplace to plaintiff.

Defendant filed a motion pursuant to G.S. § 1A-1, Rule 60(b) on 23 January 1991 requesting that the consent judgment signed by the parties be set aside. Defendant filed an amendment to that motion on 12 March 1991. In support of her motion, defendant alleged that she was "without the benefit of counsel or knowledge of the applicable law" at the time she signed the judgment, that the trial court improperly failed to examine the parties in open court as to their understanding of the judgment prior to its entry of the order, that the judgment was "patently unfair and inequitable," and that plaintiff had fraudulently induced her to sign the document by stating to her "we will work things out and we will get back together, but we still have to get these papers done to keep from going to court." Defendant contends that she would not have signed the consent order had it not been for plaintiff's misrepresentations to her of his intentions concerning their separation.

Upon the hearing of defendant's motion, the trial court made extensive findings of fact and concluded that defendant had failed to show that the consent order was entered due to the mutual mistake of the parties or due to fraud or misrepresentation by plaintiff. The court ruled that the judgment "should not be vacated or set aside pursuant to Rule 60(b)."

*Greeson, Grace & Gatto, by Joseph J. Gatto, for plaintiff, appellee.*

*Morrow, Alexander, Tash, Long & Black, by John F. Morrow, and Clifton R. Long, Jr., for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first contends the trial court erred "when it conclud-ed that the only grounds available to defendant under a Rule 60(b) motion to obtain relief from a consent judgment were mutual mistake or fraud." Defendant does not argue that the trial court erroneously concluded that the facts set forth in her motion do not support a claim of mutual mistake or fraud on the part of plaintiff. It is clear that no claim of mutual mistake or fraud can be supported by the circumstances of this case. Rather, defendant simply argues that the trial court misinterpreted the rule of law relating to relief from consent judgments.

This assignment of error by defendant has no merit. Regard-less of the accuracy of the language of this particular conclusion of the court, it is obvious that the statement was irrelevant to the court's decision. The judgment properly concluded that the consent order "is valid and enforceable and should not be vacated or set aside pursuant to Rule 60(b)." The court properly found that defendant's motion presents no facts justifying relief pursuant to any of the six subparts to Rule 60(b).

Absent a showing of fraud, mutual mistake or a lack of consent, attacks on consent judgments are controlled by Rule 60(b)(6). *State ex rel. Envir. Mgmt. Comm. v. House of Reaford Farms*, 101 N.C. App. 433, 447, 400 S.E.2d 107, 116, *disc. review denied*, 328 N.C. 576, 403 S.E.2d 521 (1991); *In re Will of Baity*, 65 N.C. App. 364, 367, 309 S.E.2d 515, 518 (1983), *cert. denied*, 311 N.C. 401, 319 S.E.2d 266 (1984). Defendant seems to argue that Rule 60(b)(6) should provide her relief from this consent order due to the fact she was not represented by counsel at the time the order was executed, she was ignorant of her rights pursuant to the equitable distribu-tion laws of this State, and the resulting consent order awarded plaintiff a significantly larger portion of the marital assets. Defend-ant however cites no authority in support of her contention that such circumstances justify Rule 60(b)(6) relief.

Although section (6) of Rule 60(b) has often been termed "a vast reservoir of equitable power," *Anderson Trucking v. Keyway*, 94 N.C. App. 36, 40, 379 S.E.2d 665, 667 (1989); *Sides v. Reid*, 35 N.C. App. 235, 237, 241 S.E.2d 110, 112 (1978), a court cannot set aside a judgment pursuant to this rule without a showing (1) that extraordinary circumstances exist and (2) that justice demands relief. *Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585, 588 (1987);

*State ex rel. Envir. Mgmt. Comm. v. House of Reaford*, 101 N.C. App. at 448, 400 S.E.2d at 117; *Anderson Trucking v. Keyway*, 94 N.C. App. at 42, 379 S.E.2d at 669; *Equipment Co. v. Albertson*, 35 N.C. App. 144, 147, 240 S.E.2d 499, 501 (1978); *Sides v. Reid*, 35 N.C. App. at 238, 241 S.E.2d at 112. Further, the remedy provided by Rule 60(b)(6) is equitable in nature and is directed to the discretion of the trial judge. *Kennedy v. Starr*, 62 N.C. App. 182, 186, 302 S.E.2d 497, 499-500, *disc. review denied*, 309 N.C. 321, 307 S.E.2d 164 (1983). This Court will not disturb such a discretionary ruling without a showing of an abuse of that discretion. *Id.; Worthington v. Bynum*, 305 N.C. 478, 486-487, 290 S.E.2d 599, 604-605 (1982).

Defendant fails to allege "extraordinary circumstances" and makes no effort to argue abuse of discretion by the trial court. This Court has held on numerous occasions that a lack of counsel and/or an ignorance of the law does not amount to "extraordinary circumstances" without some showing that the lack of counsel or ignorance was due to reasons beyond control of the party seeking relief. *See Wilson v. Wilson*, 98 N.C. App. 230, 390 S.E.2d 354 (1990); *Equipment Co. v. Albertson*, 35 N.C. App. at 147, 240 S.E.2d at 502 (1978); *Sides v. Reid*, 35 N.C. App. at 238, 241 S.E.2d at 112; *Vaglio v. Town & Campus Int., Inc.*, 71 N.C. App. 250, 256, 322 S.E.2d 3, 7 (1984); *Anderson Trucking v. Keyway*, 94 N.C. App. at 43, 379 S.E.2d at 669. Further, a finding that plaintiff received a greater percentage of the marital assets pursuant to the consent judgment would not otherwise be sufficient to render the agreement invalid, *see In re Johnson*, 277 N.C. 688, 696, 178 S.E.2d 470, 475 (1971), and defendant cannot invoke the broad language of Rule 60(b)(6) simply to obtain relief to which she is otherwise not entitled. *See Norton v. Sawyer*, 30 N.C. App. 420, 227 S.E.2d 148, *disc. review denied*, 291 N.C. 176, 229 S.E.2d 689 (1976); *Draughon v. Draughon*, 94 N.C. App. 597, 380 S.E.2d 547 (1989).

Defendant next contends that the trial court failed to resolve all issues raised in her motion in violation of Rule 52(a) of the North Carolina Rules of Civil Procedure. Defendant sets forth no argument in her brief concerning this alleged error. She merely refers us to her argument relating to the first issue. We will therefore also refer to our response to the first issue set out above. Defendant's motion fails to set forth a claim for relief pursuant to any subsection of Rule (60)(b) and the trial court properly and specifically so concluded.

**THACKER v. THACKER**

[107 N.C. App. 479 (1992)]

**[2]** Finally, defendant argues that the trial court erred by failing to conclude that the consent judgment was void or irregular due to the failure of the judge who entered the consent order to require both plaintiff and defendant to participate in a *voir dire* by the court regarding their understanding of the terms of the agreement. Defendant cites this Court's opinion in *McIntosh v. McIntosh*, 74 N.C. App. 554, 328 S.E.2d 600 (1985), as support for her contention that the trial court's failure to make such an inquiry of the parties renders the judgment void.

We see no relevance of the holding in *McIntosh* to this case. Specifically, this Court stated in *McIntosh* that:

> Any agreement entered into by parties regarding the distribution of their marital property should be reduced to writing, duly executed and acknowledged. If, as in the case *sub judice*, oral stipulations are not reduced to writing it must affirmatively appear in the record that the trial court made contemporaneous inquiries of the parties at the time the stipulations were entered into.

74 N.C. App. at 556, 328 S.E.2d at 602. The judgment at issue herein was duly executed and acknowledged by both parties. Neither *McIntosh* nor any other decision by this Court supports defendant's contention that a trial judge must undertake to independently ascertain the extent to which parties to a properly executed consent judgment understood the agreement upon which they placed their signatures.

The order of the trial court denying defendant's motion pursuant to Rule 60(b) is affirmed.

Affirmed.

Judges LEWIS and WYNN concur.