CARRIE ALLEN NICHOLSON, Widow of KENNEDY F. NICHOLSON, Deceased Employee, and QUANTILLA NICOLE NICHOLSON, Adult Child, and KENYA LORRAINE NICHOLSON, Adult Child, and KEITH TYRONE ALLRED, Alleged Dependent Minor Child, Plaintiffs v. EDWARDS WOOD PRODUCTS, Employer, and FORESTRY MUTUAL INS. CO., Carrier, Defendants

No. COA05-629

(Filed 7 February 2006)

**Workers' Compensation— full Commission's failure to follow order—agreement to provide support even though technical exclusion from the definition of child**

A de novo review revealed that the full Industrial Commission erred in a workers' compensation case by failing to follow an order reflecting an agreement between the parties that 400 weeks of benefits under N.C.G.S. § 97-38 were owed to a minor dependent of decedent employee notwithstanding the minor's technical exclusion from the definition of child under N.C.G.S. § 97-2(12), and the full Commission's opinion and award is vacated, because: (1) the full Commission stated in its opinion and award that notwithstanding the minor's technical exclusion from the defini-

tion of child under N.C.G.S. § 97-2(12), it found the minor to be a dependent child under N.C.G.S. § 97-38(3); (2) the order encompassed the bargained-for agreement of the parties and should have been followed in the absence of one of the grounds set forth in N.C.G.S. § 1A-1, Rule 60(b); and (3) the Commission never invoked Rule 60(b) and made findings to support relief from the order.

Appeal by defendants from Opinion and Award of the Industrial Commission entered 1 December 2004 by Commissioners Christopher Scott, Bernadine S. Ballance, and Pamela T. Young. Heard in the Court of Appeals 7 December 2005.

*No brief filed for plaintiffs-appellees.*

*Lewis & Roberts, P.L.L.C., by Jeffrey A. Misenheimer and Sarah E. Cone, for defendants-appellants.*

CALABRIA, Judge.

Edwards Wood Products ("defendant-employer") and Forestry Mutual Insurance Co. ("defendant-carrier") appeal from an Opinion and Award of the Industrial Commission, concluding that although Keith Tyrone Allred ("Allred") was not technically a "child" of Kennedy Nicholson ("the decedent") within the meaning of N.C. Gen. Stat. § 97-2(12) (2005), he was a "dependent child" within the meaning of N.C. Gen. Stat. § 97-38(3) (2005). Pursuant to this determination, the Industrial Commission awarded Allred benefits until he reached the age of eighteen. We vacate the Opinion and Award.

On 15 August 2002, the decedent was employed as a transportation driver for defendant-employer. On that date, the decedent was involved in a compensable accident that resulted in his death. At the time of his death, the decedent and his wife Carrie Allen Nicholson ("Nicholson") had two minor biological children, Kenya Lorraine Nicholson and Quantilla Nicole Nicholson. The decedent and Nicholson also cared for a boy, Allred, who they raised since he was approximately two months old. Allred was age seven (7) at the time of the accident. Nicholson testified that she and the decedent took care of Allred and provided sole support for him. However, the decedent and Nicholson never officially adopted Allred because his biological father would not sign a relinquishment of his parental rights.

Deputy Commissioner Theresa B. Stephenson subsequently reviewed, *inter alia*, the issue of whether Allred qualified as a "child" within the meaning of the Workers' Compensation Act. In an Opinion and Award of 20 February 2003, the deputy commissioner concluded that Allred "qualifies as a 'child' under [N.C. Gen. Stat. §] 97-39 and therefore he is presumed to be wholly dependent upon the earnings of the deceased employee and is entitled to a share of the compensation available pursuant to [N.C. Gen. Stat. §] 97-38." The deputy commissioner then awarded Allred benefits until he reached the age of eighteen (18). From that Opinion and Award, defendants filed a Motion for Reconsideration, which was denied and, at defendants' request, converted into an appeal to the Full Commission.

The Full Commission heard this matter on 5 March 2004. Thereafter, the parties entered into a consent agreement that stated, in pertinent part,

[Allred] is not a "child" under the Act, but was wholly dependent upon the deceased-employee at the time of his death. The parties therefore agree that Keith is entitled to 400 weeks of benefits pursuant to [N.C. Gen. Stat.] § 97-38. The parties agree that these payments will be made to Carrie[] Nicholson for the use and benefit of Keith until the expiration of the 400 week period.

The minor biological children were also awarded 400 weeks of benefits in the consent agreement. The agreement was subsequently converted into an order when it was signed by Commissioner Christopher Scott and filed on 5 October 2004. Thereafter, on 1 December 2004, the Full Commission entered an Opinion and Award, determining that Allred was a "dependent child" under the Act and entitled to benefits until he reached the age of eighteen (18). Defendants appeal.

Defendants argue that the Full Commission erred by failing to follow the order. We agree.

Appellate review of an Opinion and Award of the Industrial Commission "is limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Roberts v. Century Contractors, Inc.*, 162 N.C. App. 688, 690-91, 592 S.E.2d 215, 218 (2004). The Industrial Commission is the sole judge of the credibility of witnesses and the strength of evidence. *Effingham v. Kroger Co.*, 149 N.C. App. 105, 109-10, 561 S.E.2d 287, 291 (2002). Accordingly, findings of fact of the Industrial Commission are con-

clusive on appeal if supported by competent evidence, even if the evidence might support a contrary finding. *Hedrick v. PPG Industries*, 126 N.C. App. 354, 357, 484 S.E.2d 853, 856 (1997). However, questions of law are reviewed *de novo*. *Grantham v. R.G. Barry Corp.*, 127 N.C. App. 529, 534, 491 S.E.2d 678, 681 (1997).

The Full Commission in its Opinion and Award determined that "the consent order reflected an agreement between the parties that 400 weeks of benefits pursuant to [N.C. Gen. Stat. §] 97-38 were owed to [Allred] and that this amount was not in controversy." The Commission therefore stated, "[t]he only issue remaining for the Full Commission to resolve is whether [Allred] is entitled to compensation beyond 400 weeks until his 18th birthday." We review *de novo* whether the order resolved the question whether Allred is entitled to compensation beyond 400 weeks.

The plain language of the order stated that Allred is "not a 'child' under the Act" but, nonetheless, defendants opted to provide him 400 weeks of benefits. Although the Full Commission interpreted the order as resolving only the issue of whether Allred was entitled to 400 weeks of benefits and not whether Allred was entitled to benefits beyond the 400 weeks, we disagree with its interpretation. In its Opinion and Award, the Full Commission stated, "Notwithstanding [Allred's] technical exclusion from the definition of 'child' under § 97-2(12), the Commission, reading the Act in its entirety and taking into account other pertinent definitions, finds [Allred] to be a "dependent child" pursuant to § 97-38(3)." By this conclusion of law, the Full Commission clearly contradicts the order's determination that Allred is "not a 'child' under the Act." The order encompassed the bargained-for agreement of the parties and should have been followed in the absence of one of the grounds set forth in N.C. Gen. Stat. § 1A-1, Rule 60(b) (2005). *See, generally, Thacker v. Thacker*, 107 N.C. App. 479, 420 S.E.2d 479 (1992). Because the Full Commission never invoked Rule 60(b) and made findings to support relief from the order, we hold the Full Commission erred in failing to follow the order. Accordingly, we vacate its Opinion and Award.

Having vacated the Full Commission's Opinion and Award, we need not address appellants' other assignments of error.

Vacated.

Judges BRYANT and JACKSON concur.