MARY VIRGINIA LYNCH, JOEANN NELUMS, SAMUEL NELUMS, JR., and MARY ELIZABETH ROSEBORO, MICHAEL RAY DEESE, TOWANNA DEESE, Plaintiffs,
v.
NAOMI PARKS, ROSEBELL RUSSELL, SANFORD DAVIS, JERRY DAVIS, LEWIS JOHNSON, JAMES JOHNSON, FLORENCE PADGETT, FLETCHER GOODWIN, LILLIE MARIE GOODWIN BELL, DAVID JOHNSON, JR., ANGELA S. McCLURE, LAKENA GRIMES, AGNES JOHNSON, CONNIE MACK, CYNTHIA BLACK, CAROLYN BELL, ANTONIO SLOAN, ROBERT L. JOHNSON, ELLIOT P. CROMWELL, PRISCILLA CROMWELL, FLORA R. GREGORY, FREDERICK CROMWELL, KATHERINE CROMWELL, ROBERT CROMWELL, LEONARD CROMWELL, SAMUEL CROMWELL, CHARLES CROMWELL, ROXANNA JAMES, EULA MAE NELUMS, SHERONDA NELUMS, JAMES NELUMS, ANTHONY NELUMS, ROSETTA PRATT, VIRGINIA MUNGO, JUDIE M. CHISLON, MARY FRANCIS T. HENDERSON, ALEXANDER THOMPSON, JR., ANGELA TERESA THOMPSON, DEWAYNE ELMER THOMPSON, PATRICIA ANN THOMPSON, DIANE THOMPSON, JOSEPHINE NELUMS, JOSEPH NELUMS, BETTY J. CROSBY, ANNIE M. JAMES, MATTHEW L. JAMES, CHRISTOPHER DAVIS, CARMEN DAVIS-BILLINGSLEY, HENRY JOHNSON, JR., Defendants.
NAOMI PARKS, Petitioner,
v.
ROSEBELL RUSSELL, SANFORD DAVIS, JERRY DAVIS, LEWIS JOHNSON, JAMES JOHNSON, FLORENCE PADGETT, FLETCHER GOODWIN, LILLIE MARIE GOODWIN BELL, DAVID JOHNSON, JR., ANGELA S. McCLURE, LAKENA GRIMES, LAKEISHA GRIMES, AGNES JOHNSON, CONNIE MACK, CYNTHIA BLACK, MINNIE JOHNSON, CAROLYN BELL, ANTONIA SLOAN, ROBERT L. JOHNSON, ELLIOT P. CROMWELL, PRISCILLA CROMWELL, FLORA R. GREGORY, FREDERICK CROMWELL, KATHERINE CROMWELL, ROBERT CROMWELL, LEONARD CROMWELL, SAMUEL CROMWELL, CHARLES CROMWELL, ROXANNA JAMES, EULA MAE NELUMS, SHERONDA NELUMS, JAMES NELUMS, ANTHONY NELUMS, SAMUEL NELUMS, JR., MAY VIRGINIA NELUMS, ELIZABETH NELUMS, JOANNE NELUMS, ROSETTA PRATT, VIRGINIA MUNGO, JUDIE M. CHISLON, MARY FRANCIS T. HENDERSON, ALEXANDER THOMPSON, JR., ANGELA TERESA THOMPSON, DEWAYNE ELMER THOMPSON, PATRICIA ANN THOMPSON, DIANE THOMPSON, JOSEPHINE NELUMS AND JOSEPH NELUMS, Respondents.
No. COA07-698
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Pamela A. Hunter for appellants.
Poyner & Spruill, LLP, by Joshua B. Durham and Elizabeth W. Riley, for respondent appellee.
McCULLOUGH, Judge.
This case arises from a petition to partition a 47.5-acre tract of land in Cabarrus County ("the Land"). The Land was originally owned by Abram Nelums, who died intestate in 1945 and was survived by his ten children. One of his children, Samuel Nelums, Sr., died intestate in 1994 and was survived by his wife, Florence Nelums, and their four children, Samuel Nelums, Jr., Mary Virginia Nelums, Elizabeth Nelums, and Joanne Nelums (we refer to the Nelums children collectively as "appellants").
On 13 July 2001, Naomi Parks ("appellee"), heir to Abram Nelums and tenant in common of the Land, petitioned the Clerk of the Superior Court of Cabarrus County to partition the Land. In response to said petition, on 19 June 2002, appellants filed an answer to the petition, asserting an interest in 4.373 acres of the land at issue ("disputed parcel"). Appellants alleged that Florence Nelums had lived in a house on the disputed parcel since she was 18 years old and that for ten to fifteen years, Florence Nelums and Mary Lynch had paid property taxes on the full 47.5-acre tract of land . Furthermore, between the time Samuel Nelums, Sr. died to the time appellee filed the petition to partition the Land, eight deeds purporting to convey portions of the disputed parcel from Florence Nelums to others had been recorded in the Cabarrus County Register of Deeds. Appellants requested that the disputed parcel be partitioned out from the 47.5-acre tract of land, that Florence Nelums and Mary Lynch be reimbursed for the real estate taxes paid plus interest, and that Florence Nelums be deeded a life estate in the disputed parcel with the remainder to appellants.
Appellee moved for a declaratory judgment for a determination of the rights of the parties with respect to the disputed parcel. The clerk of court had joined Florence Nelums as a respondent to the petition and partially transferred the proceeding to the superior court. Although Florence Nelums did not plead in response to appellee's motion for declaratory judgment, Conseco Finance Service Corporation ("Conseco Finance") filed an answer asserting a security interest in a portion of the disputed parcel that Florence Nelums deeded to Michael Ray Deese and wife Towanna Deese on 18 February 2000. Conseco Finance pled adverse possession as an alternative defense and requested that the Court give consideration as to whether Florence Ellen Nelums adversely possessed the subject property, and whether such adverse position [sic] gave her the right to convey the property[.]
On 21 October 2004, Judge Larry G. Ford entered a declaratory judgment, concluding, in pertinent part:
3. Upon the death of Samuel Nelums, Sr., 1994, intestate, his one-tenth co-tenant share of [the 47.5-acre tract of land] passed to his wife Florence Nelum [sic] and the Nelum [sic] Children. Pursuant to N.C.G.S. § 29-14(a)(2), Florence Nelum (sic) received one-third of Samuel Nelums, Sr. one-tenth interest in [the 47.5-acre tract of land] and the Nelums Children received two-thirds of his interest. Thus, upon the death of Samuel Nelums, Florence Nelums was a 1/30th co-tenant of [the 47.5-acre tract of land] and each of the Nelum [sic] Children were 1/60th co-tenants of [the 47.5-acre tract of land].
The proceeding was then remanded to the clerk of court for further proceedings, and the clerk ordered the sale of the disputed parcel for $85,000. The disputed parcel was sold and the sale was confirmed by order issued by the clerk of superior court on 26 October 2006.
Although neither appellants nor Florence Nelums appealed the October 2004 declaratory judgment, on 7 November 2006, appellants initiated a new action by filing a Petition to Quiet Title. Subsequently, appellants filed a motion to set aside the sale of the disputed parcel as well as a motion for a temporary restraining order, preliminary injunction, and other injunctive relief. Appellee filed a motion to dismiss all claims by appellants. The trial court granted appellee's motion to dismiss appellants' claims on 21 February 2007.
On appeal, appellants contend that the trial court erred in failing to set aside the sale of the disputed parcel of land. Specifically, appellants contend: (1) that the clerk of court lacked subject matter jurisdiction to sell the land, and (2) that the superior court abused its discretion in failing to set the sale aside pursuant to Rule 60 of the N.C. Rules of Civil Procedure.

I. Subject Matter Jurisdiction
First, appellants contend that because they have not had a trial on their claims of sole seizin and adverse possession, the clerk of court lacked subject matter jurisdiction to order the sale of the land at issue. Accordingly, appellants contend that pursuant to Rule 12(h)(3) of the North Carolina Rules of Civil Procedure, the trial court erred as a matter of law in failing to set the sale aside. N.C. Gen. Stat. § 1A-1, Rule 12(h)(3)(2007). Because we conclude that the 4 October 2004 order resolved all controversy surrounding the title of the disputed land and such judgment is binding on appellants, we find this argument to be meritless.
Lack of subject matter jurisdiction may always be raised by a party, or the court may raise such defect on its own initiative. See Jackson Co. v. Swayney, 75 N.C. App. 629, 630, 331 S.E.2d 145,146 (1985),aff'd in part and rev'd in part on other grounds, 319 N.C. 52, 352 S.E.2d 413, cert. denied, 484 U.S. 826, 98 L. Ed. 2d 54 (1987).
"Whether land should be divided in kind or sold for partition is a question of fact for decision of the clerk of superior court, subject to review by the judge on appeal; it is not an issue of fact for a jury." Brown v. Boger, 263 N.C. 248, 255, 139 S.E.2d 577, 582 (1965); N.C. Gen. Stat. § 1-301.2(d) (2007) . If an issue of fact, an equitable defense, or request for equitable relief is raised during the proceedings, the clerk of court must transfer the proceeding to the appropriate court. N.C. Gen. Stat. § 1-301.2(b). Then, such court may hear and determine all matters in controversy or simply decide the matter causing the transfer and remand the special proceeding back to the clerk of court. N.C. Gen. Stat. § 1-301.2(c).
Here, appellants concede that the petition to partition the land was brought properly in a special proceeding before the Clerk of Cabarrus County Superior Court. Appellants further concede in their brief that once the appellants filed a responsive pleading contesting the partition, the superior court was properly vested with jurisdiction to decide the claims of sole seizin and adverse possession. The crux of appellants' argument is that because the October 2004 judgment was rendered without a trial on the issues of adverse possession and sole seizin, those issues were not settled before the proceeding was remanded back to the clerk of court. We do not agree, as it is a long-standing principle that "when a court having jurisdiction of the cause and the parties renders judgment therein, it estops the parties and their privies [from relitigating] all issuable matter contained in the pleadings . . . [and] all matters within the scope of the pleadings which are material and relevant[.] "Coltrane v. Laughlin, 157 N.C. 282, 287, 72 S.E. 961, 962 (1911).
"Where it appears that a question was distinctly put in issue and the parties presented, or had an opportunity to present, their evidence, and the question was decided by a court of competent jurisdiction, private right and public welfare both demand that the question so adjudicated shall, except in direct proceedings for review, be considered as finally settled and conclusive upon the parties."
Id. at 287, 72 S.E. at 963 (citation omitted).
Here, Florence Nelums and appellants were parties to the proceedings before the superior court judge and had an opportunity to plead and present evidence as to any claims of adverse possession and sole seizin of the disputed parcel; those claims were expressly pled by Conseco Finance, and were settled by the October 2004 judgment in which the trial court concluded that Florence Nelums was a 1/30th co-tenant of the 47.5-acre tract of land . Appellants failed to timely appeal the 2004 declaratory judgment under N.C. R. App. P. 3(c)(1) (2008) and may not now relitigate claims settled in 2004. Once the proceeding was remanded from the superior court judge, the clerk was vested with jurisdiction to order the sale of the disputed parcel under N.C. Gen. Stat. § 1-301.2(d). This assignment of error is overruled.

II. Rule 60 Motion
Next, appellants contend that the trial court abused its discretion in failing to set the sale aside pursuant to Rule 60 of the N.C. Rules of Civil Procedure. Pursuant to Rule 60(b)(6), a court may "relieve a party . . . from a final judgment, order, or proceeding for . . . [a]ny other reason justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60 (2007). Under Rule 60(b)(6), however, "a court cannot set aside a judgment pursuant to this rule without a showing (1) that extraordinary circumstances exist and (2) that justice demands relief." Thacker v. Thacker, 107 N.C. App. 479, 481, 420 S.E.2d 479, 480, disc. review denied, 332 N.C. 672, 424 S.E.2d 407 (1992). "Further, the remedy provided by Rule 60(b)(6) is equitable in nature and is directed to the discretion of the trial judge. This Court will not disturb such a discretionary ruling without a showing of an abuse of that discretion." Id. at 482, 420 S.E.2d at 480-81 (citations omitted).
Here, appellants filed the motion to set aside the sale of the disputed parcel more than two years after the ownership interests of that parcel were settled by a declaratory judgmenta judgment that they did not timely appeal. Appellants have not alleged any extraordinary circumstances and have failed to show how the trial court abused its discretion in refusing to set aside the order under Rule 60(b)(6). Accordingly, the trial court's order is affirmed.
Affirmed.
Judges WYNN and BRYANT concur.
Report per Rule 30(e).