ELIZABETH BROYHILL, Plaintiff-Appellee,
v.
ROYAL GLENN BROYHILL, Defendant-Appellant.
No. COA08-512.
Court of Appeals of North Carolina.
Filed February 17, 2009.
This case not for publication
No brief for Plaintiff-Appellee.
Paul W. Freeman, Jr. for Defendant-Appellant.
McGEE, Judge.
Royal Glenn Broyhill (Defendant) appeals from an equitable distribution order entered by the trial court on 5 February 2008. Defendant's brief and the record filed by Defendant indicate the following.
Elizabeth Broyhill (Plaintiff) and Defendant were married on 30 March 1987. Plaintiff and Defendant separated on 24 February 2005. Plaintiff filed a pro se complaint on 3 March 2006 seeking a divorce from Defendant. The record does not show that a summons was issued, nor that the complaint and summons were served upon Defendant. Defendant filed a handwritten answer and counterclaim on 4 April 2006 requesting an equitable distribution.
The trial court entered judgment granting Plaintiff anabsolute divorce from Defendant on 18 April 2006. The divorce judgment reserved the issue of equitable distribution for future resolution.
A hearing was held on the matter of equitable distribution on 25 September 2007. Plaintiff appeared for the hearing and was represented by counsel. Defendant appeared pro se. Following the hearing, the trial court entered an equitable distribution order on 5 February 2008. The trial court found and concluded that two parcels of real property acquired by Plaintiff and Defendant during their marriage were transferred from Defendant to Plaintiff on 12 December 2002. Due to the transfer of the two parcels, the trial court also concluded that the real property was no longer marital and was the "sole separate property of . . . Plaintiff." The trial court also ordered that the marital debt of $31,848.35 be divided equally between Plaintiff and Defendant. Defendant appeals.
Defendant argues the trial court lacked subject matter jurisdiction to enter its order of equitable distribution. We agree.
N.C. Gen. Stat. § 1A-1, Rule 4 provides in pertinent part that "[u]pon the filing of the complaint, summons shall be issued forthwith, and in any event within five days. The complaint and summons shall be delivered to some proper person for service." N.C. Gen. Stat. § 1A-1, Rule 4(a) (2007). "Where a complaint has been filed and a proper summons does not issue within the five days allowed under the rule, the action is deemed never to have commenced." County of Wayne ex rel Williams v. Whitley, 72 N.C.App. 155, 157, 323 S.E.2d 458, 461 (1984). "The summons, not the complaint, constitutes the exercise of the power of the State to bring the defendant before the court." Childress v. Forsyth County Hospital Auth., 70 N.C. App. 281, 285, 319 S.E.2d 329, 332 (1984). "The summons constitutes the means of obtaining jurisdiction over the defendant." Id. Our Court held in Conner Bros. Mach. Co. v. Rogers, 177 N.C. App. 560, 562-63, 629 S.E.2d 344, 345 (2006), that the trial court lacked subject matter jurisdiction where the plaintiff filed a complaint but failed to issue a summons, and our Court vacated the trial court's preliminary injunction.
In the present case, Plaintiff did not file a brief on appeal, and the record before us does not show that any summons was ever issued. We hold that the trial court lacked subject matter jurisdiction over this matter and had no authority to enter an equitable distribution order. Accordingly, we vacate the equitable distribution order. Because we must vacate the order of the trial court, we need not address Defendant's remaining arguments. See Nicholson v. Edwards Woods Prods., 175 N.C. App. 773, 776, 625 S.E.2d 562, 564 (2006).
Vacated.
Judges JACKSON and HUNTER, JR. concur.
Report per Rule 30(e).